In the Matter of the Claim of ALAN L. CLARK, Respondent, v BINGHAMTON CONTAINER Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 26, 1975

*Levene, Gouldin & Thompson (George Peter Keyes* of counsel), for appellants.

*Richard Borden* for Alan L. Clark, respondent.

*Louis J. Lefkowitz, Attorney-General (Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed October 25, 1973, which affirmed awards to the claimant for causally related total disability from May 15, 1972 to July 31, 1972 and for a 50% related partial disability from July 31, 1972 to March 19, 1973.

It is undisputed that on November 5, 1971 claimant sustained a compensable accidental injury to his back and that throughout the period for which the awards were affirmed by the board, the claimant continued to have a causally related disability as a result of the accident. The record establishes that on May 10, 1972 one of the claimant's attending physicians, Dr. DeLuca, examined the claimant and found him to be totally disabled. In a supplemental report dated June 6, 1972 Dr. DeLuca indicated that the employer had contacted him in regard to certain light work which was available and in the report noted that the claimant had a permanent partial disability, and was to return to work as of June 12, 1972. The record established that in June of 1972 the claimant refused the offer of employment upon the ground that one of his attending physicians, Dr. Astarjian, advised him that he should not accept the work. The shortened record upon appeal contains reports by Dr. Astarjian. Such reports, however, do not include any comments by him as to the extent of claimant's disability and what, if any, work limitations he might have. After the supplemental report of June 6, 1972, Dr. DeLuca was advised that the claimant was involved in a rehabilitation program and he testified that for that reason he thereafter reported on June 20, 1972, November 29, 1972 and March 27, 1973 that the claimant was unable to work and/or had a total disability. It is apparent from his testimony that he was not of the opinion that on and after June 7, 1972 the claimant was unable to perform the job offered by the employer. Furthermore, the testimony of Dr. DeLuca establishes that in his opinion the claimant on and after June 6, 1972 suffered only from a partial disability insofar as his ability to perform some useful functions for remuneration is concerned. The record further establishes that the claimant was advised on February 16, 1973 that the original job offer by the employer for light duty was still open.

The issue raised before the board when it is established that a claimant has refused employment is "whether or not there has been a voluntary withdrawal from the labor market." (*Matter of Allen v Sylvania Elec. Corp.,* 35 AD2d 680.) The

record discloses that at a hearing held on September 5, 1972 the claimant, in response to his refusal in June to accept the employment had asserted that it was upon the advice of his doctors and named Dr. Astarjian for the benefit of the appellants. Nevertheless, the appellants chose not to present any evidence from Dr. Astarjian in regard to his advice to the claimant in respect to the proposed job offer. While the record does affirmatively establish that in Dr. DeLuca's opinion the claimant could have accepted the employment, the appellants have failed to establish that the claimant acted arbitrarily or otherwise by refusing upon the advice of Dr. Astarjian. Upon this record, the board could accept the claimant's allegation that he had been advised to refuse the work by Dr. Astarjian and the allegation constitutes substantial evidence to support the finding of the board that there was no disqualification from benefits or an establishment of earning capacity by virtue of the job offer.

The record also contains some evidence as to the claimant's activities in regard to his participation in a rehabilitation program which the appellants choose to construe as establishing that the claimant had withdrawn from the labor market. However, it is established that the rehabilitation efforts were subject to certain delays and, in any event, there was at most a question of fact for the board in regard to such activities and the inferences to be drawn therefrom.

Lastly, the appellants contend that the record does not contain substantial evidence to support a finding of total disability from June 12 to July 31, 1972 and for any disability in excess of 30% after November 29, 1972. As noted hereinabove, Dr. DeLuca had reported that the claimant could perform light work as of June 12, 1972. While the same doctor reported on June 20, 1972 that there was a total disability, that report indicates that the finding of disability was related to the claimant's attendance in a rehabilitation program and his testimony was that the claimant was only partially disabled at all times on and after June 6, 1972. The present record does not contain substantial evidence to support the award of benefits for a total disability on and after June 12, 1972. On January 24, 1973, Dr. DeLuca testified that he had last seen the claimant on November 29, 1972 and that as of that time he would say that the claimant suffered a mild disability of about 25% or 30%. However, the record contains a written report by Dr. DeLuca dated September 27, 1973

which states that the claimant has a permanent partial disability of 50%. It is apparent the present record does contain substantial evidence from which the board could find that the continuing disability on and after June 12, 1972 was in excess of 30% and, in fact, was 50%.

However, the board did commit error insofar as the award is for total disability for the period of June 12, 1972 through July 31, 1972.

The decision should be reversed, with costs against the Workmen's Compensation Board, and matter remitted with directions to modify the award for the period of June 12, 1972 to July 31, 1972 and for further proceedings not inconsistent herewith.

GREENBLOTT, SWEENEY, KANE and REYNOLDS, JJ., concur.

Decision reversed, with costs against the Workmen's Compensation Board, and matter remitted with directions to modify the award for the period of June 12, 1972 to July 31, 1972 and for further proceedings not inconsistent herewith.