■ In the Matter of the Claim of SALVATORE SAJEVA, Respondent, v NEW YORK TELEPHONE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed December 31, 1975. The self-insured employer appeals from an adverse decision of the board finding "continuing causally related partial disability subsequent to July 14, 1975". The board opposes this appeal on the ground that appellant is attempting to raise an issue not mentioned in its application for review or passed upon by the board, contending that the employer failed to request review on the ground that the claimant had voluntarily withdrawn from the labor market, but limited its request to a finding of "no further causally related disability subsequent to 7/14/75". In its application for review, the appellant recited that in a letter dated June 30, 1975, it advised claimant that a job was available for him within previously imposed restrictions of "no heavy lifting, no excessive bending, and avoid rush hours". We conclude that the issue of voluntary withdrawal from the labor market was adequately presented in the employer's application to review the award of the board and was passed on by the board. The record contains ample proof of the claimant's continuing aftereffects of the serious traumatic injuries he suffered as a result of dropping 16 floors in an elevator and coming to a sudden stop; the employer's own records of the claimant's several unsuccessful attempts to return to work, even at lighter duties; claimant's sworn testimony of his back trouble including his inability to "sit for a long length of time" and pain suffered by claimant. Thus substantial evidence exists in support of the board's decision that the claimant had a continuing causally related partial disability subsequent to July 14, 1975 (see *Matter of Clark v Binghamton Container Co.,* 48 AD2d

388). Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Mahoney and Herlihy, JJ., concur.