■ In the Matter of the Claim of ANDREW PRIOR, Respondent, v WEGMANS FOOD MARKETS, INC. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [667 NYS2d 852] —Mercure, J. P. Appeal from a decision of the Workers' Compensation Board, filed December 24, 1996, which found that claimant did not voluntarily withdraw from the labor market and awarded workers' compensation benefits.

When claimant was a high school student in 1991, he suffered a back injury which the parties concede was causally related to his part-time employment as a sales clerk. Claimant received workers' compensation benefits based upon his actual weekly part-time earnings until his employer terminated benefits on the ground that he voluntarily withdrew from the labor market by enrolling as a full-time college student. After claimant was found to have a permanent partial disability, the

parties stipulated to an average weekly wage of $500 for wage expectancy purposes (*see,* Workers' Compensation Law § 14 [5]) and submitted the issue of claimant's entitlement to benefits to the Workers' Compensation Board. Finding that claimant's full-time college attendance did not constitute a voluntary withdrawal from the labor market, the Board awarded benefits based upon the stipulated wage expectancy rate. The employer and the workers' compensation carrier (hereinafter collectively referred to as the employer) appeal.

We affirm. Inasmuch as claimant continued to work on a part-time basis while attending college, we find that there is substantial evidence in the record to support the Board's conclusion that he was sufficiently connected to the labor market to justify an award of workers' compensation benefits (*see, Matter of Okonski v Pollio Dairy Prods. Corp.,* 184 AD2d 871; *Matter of Walker v Low & Son,* 154 AD2d 853). Contrary to the employer's contention, claimant's decision to remain in college rather than accept an offer of full-time employment was entirely reasonable under the circumstances and was not tantamount to a voluntary withdrawal from the labor market (*see, Matter of Okonski v Pollio Dairy Prods. Corp., supra,* at 872; *see also, Matter of Romero v Albany Med. Ctr. Hosp.,* 184 AD2d 971; *Matter of Cullen v Woolworth Co.,* 84 AD2d 600). Finally, having consented that any award be based upon the wage expectancy provisions of Workers' Compensation Law § 14 (5), the employer will not be heard to argue that the agreed-upon wage expectancy rate should not have been utilized until claimant reached the age of 25.

Yesawich Jr., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.