■ In the Matter of the Claim of ANTHONY JOHNSON, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [674 NYS2d 829] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 25, 1996, which, *inter alia*, ruled that claimant did not voluntarily withdraw from the labor market and that he sustained a causally related partial disability.

Claimant was employed as an intravenous technician at a hospital. On April 21, 1995, he sustained a work-related injury to his left knee causing him to be out of work for a month. Although he returned to work for a brief period thereafter, it soon became apparent that claimant's knee injuries would prevent him from performing his job. In any event, claimant learned in June 1995 that his position at the hospital was to be

eliminated. He accordingly accepted the severance package offered by the employer. Unable to find other employment, claimant collected unemployment insurance benefits for the ensuing six months and continued his part-time college studies. The Workers' Compensation Board thereafter ruled that claimant was entitled to receive compensation benefits, noting that he had not voluntarily removed himself from the labor market as his job had been eliminated and that his partial disability, as confirmed by his physician, had caused or contributed to his inability to find subsequent employment. We affirm.

" 'Whether claimant voluntarily withdrew from the labor market is a factual question to be resolved by the board whose resolution of that question, if supported by substantial evidence in the record, must be affirmed' " (*Matter of Landi v Carrier Corp.*, 125 AD2d 789, 790, quoting *Matter of Crosby v SCM Corp.*, 106 AD2d 769, 770). Substantial evidence supports the Board's decision in the matter under review. That claimant continued to pursue his part-time college studies following the end of his employment does not dictate a contrary result. Claimant had been enrolled in college courses prior to the elimination of his position with the employer and the continuation of his college attendance after this job ended can accurately be characterized as the continuation of a leisure-time pursuit rather than participation in an alternative to employment (*see, Matter of Prior v Wegmans Food Mkts.*, 246 AD2d 951, 952). The employer's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.