■ In the Matter of the Claim of JOHN GRIFFIN, Appellant, v SYRACUSE RIGGING COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [687 NYS2d 755] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed January 9, 1998, which ruled that claimant was not eligible for workers' compensation benefits because he voluntarily withdrew from the labor market.

Claimant sustained compensable injuries to his back in December 1987 and January 1988. He nonetheless continued to work at various jobs obtained through his union (The International Association of Bridge Structure and Ornament Iron Workers) until November 18, 1994 when he was laid off. Claimant applied for and received unemployment insurance benefits from November 1994 to April 1995, having averred, in order to be eligible for benefits, that he would be willing and able to work if employment became available. On May 1, 1995, after his unemployment insurance benefits had come to an end, claimant retired, accepting a pension from his union and receiving a Social Security disability pension. His subsequent

claim for workers' compensation benefits was, however, denied on the ground that he had voluntarily withdrawn from the labor market between November 18, 1994 and May 1, 1995, when he declined offers of employment, as well as after May 1, 1995, when he retired with a union pension.

The issue of whether a claimant has voluntarily withdrawn from the labor market presents a question of fact for resolution by the Workers' Compensation Board (*see, Matter of Serwetnyk v USAir, Inc.*, 249 AD2d 631). Such resolution, if supported by substantial evidence in the record, will not be disturbed (*see, Matter of Okonski v Pollio Dairy Prods. Corp.*, 184 AD2d 871, 872). Our review discloses that the requisite substantial evidence exists in the record presented on this appeal. Claimant testified at his administrative hearing that his search for work after his layoff in November 1994 had resulted in some offers of employment but that he had refused them. He further conceded that after his pensioned retirement on May 1, 1995, he did not look for work at all. Claimant also indicated that his decision to retire was dictated more by personal considerations than by any disability remaining from his back injuries. Further evidence showed that claimant had been physically capable of employment up to the time of his layoff in November 1994 and that his physical condition following his retirement in May 1995 was sufficiently sound to enable him to take an active part in a garden and nursery business which he ran out of his home. As substantial evidence supports the Board's decision, it is affirmed.

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.