■ In the Matter of the Claim of GEORGE KONZ, Respondent, v UNIVERSAL JOINT SALES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [692 NYS2d 240] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed April 1, 1998, which ruled, *inter alia*, that claimant had not voluntarily withdrawn from the labor market.

The employer and its workers' compensation insurance carrier contend that the Workers' Compensation Board erred in concluding that claimant, who was partially disabled, had not voluntarily withdrawn from the labor market. According to the employer and carrier, the employer offered claimant a light-duty position which claimant refused. The question of whether a claimant's failure to accept a light-duty assignment constitutes a voluntary withdrawal from the labor market is for the Board to resolve (*see, Matter of Serwetnyk v USAir, Inc.*, 249 AD2d 631, 632). Claimant testified that, prior to March 1, 1993, he did not receive an offer of light-duty work from the employer and the written offer he received on that date did not contain a description of the work he would be required to perform. He further stated that he called the employer but did not receive a job description which he needed to obtain his doctor's clearance. At a hearing in July 1993, the employer's representative testified that a light-duty position was still available, but claimant's treating physician testified that claimant was not able to perform the job as described in a letter from the employer to another physician. Claimant thereafter developed major depression which was determined to be causally related to the back injury that had caused his initial disability, and his

treating psychiatrist testified that, as a result of the depression, claimant could not have returned to work for the employer. There is substantial evidence to support the Board's finding that claimant's failure to accept the employer's light-duty assignment did not constitute a voluntary withdrawal from the labor market and, therefore, it cannot be disturbed (*see*, *Matter of Okonski v Pollio Dairy Prods. Corp.*, 184 AD2d 871, 872).

The employer and carrier also contend that the Board erred in concluding that, because claimant had attempted retraining despite his disability, he had not voluntarily withdrawn from the labor market. There is, however, evidence in the record that claimant was involved in a rehabilitation program for a period of time until he experienced a relapse in his depression and that he was working toward obtaining his commercial driver's license. The evidence of claimant's rehabilitation efforts presented a question of fact for the Board to resolve (*see*, *Matter of Clark v Binghamton Container Co.*, 48 AD2d 388, 390).

Crew III, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.