◼ In the Matter of the Claim of GWEN BROCKINGTON, Respondent, v UNIVERSITY OF ROCHESTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [697 NYS2d 403]

—Mikoll, J. Appeal from a decision of the Workers' Compensation Board, filed December 12, 1997, which ruled that claimant has a causally related partial disability which contributed to her reduced earnings and made an award of reduced earnings.

The employer and its workers' compensation insurance carrier contend that the Workers' Compensation Board erred in rejecting their argument that claimant was not entitled to a reduced earnings award because she had voluntarily withdrawn from the labor market in June 1995. Whether a claimant has voluntarily withdrawn from the labor market is a question of fact for the Board to resolve and, if supported by substantial evidence in the record, the Board's resolution of that issue will not be disturbed (*see, Matter of Griffin v Syracuse Rigging Co.*, 259 AD2d 925).

Claimant testified that after the carrier's physician advised her that she could return to work, she sought employment through two temporary employment agencies. She also explained why she limited her job search and the Board clearly accepted her explanation as reasonable. More importantly, claimant testified that her treating physician told her in June 1995 that she could do no work. Claimant also testified that although she began to receive Social Security disability benefits in May 1995, that was not the reason she did not thereafter look for work. Rather, she testified that she did not look for work because of her failing health. The treating physician's report indicates that in June 1995, claimant was 50% disabled and continued to suffer chronic pain. The record also contains the report of a physician who conducted an independent medical examination in October 1995 and concluded that claimant's chronic lumbar strain precluded her from returning to work, that her prognosis was guarded and that she would probably have periodic episodes of back pain for the rest of her life. Claimant's testimony and medical evidence in the record provide the necessary substantial evidence to support the Board's finding that claimant did not voluntarily withdraw from the labor market (*see, Matter of Walker v Low & Son*, 154 AD2d 853, 854).

Cardona, P. J., Mercure, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.