■ In the Matter of the Claim of KENNETH PELUSO, Appellant, v FAIRVIEW FIRE DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [702 NYS2d 701] —Carpinello, J. Appeals from two decisions of the Workers' Compensation Board, filed May 30, 1997 and July 21, 1998, which, *inter alia*, ruled that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits.

After more than 20 years of employment as a firefighter, claimant retired from his position as captain in May 1993. According to claimant, he could no longer work as the result of a disabling back condition caused by several injuries which arose out of and in the course of his employment, the most recent of which occurred in February 1988. He took service retirement and also applied for accidental and ordinary disability retirement benefits. The latter applications are apparently still pending. Based upon claimant's failure to seek an available light-duty assignment, the Workers' Compensation Board concluded that claimant voluntarily withdrew from the labor market and denied his claim for workers' compensation benefits. Claimant appeals.

The question of whether a claimant's failure to accept a light-duty assignment constitutes a voluntary withdrawal from the labor market is for the Board to resolve and, if supported by substantial evidence, its decision will not be disturbed (*see, Matter of Serwetnyk v USAir*, 249 AD2d 631, 632). The chief of the fire department testified that several different types of light-duty assignments were available to all firefighters, including claimant, depending on the nature of the disability. He also testified that although claimant occasionally complained about back problems, claimant did not seek a light-duty assignment and did not mention any work-related injury as his reason for retiring.

During the year preceding claimant's retirement, in response to claimant's complaint about his back, the chief offered claimant a light-duty assignment which claimant refused. According to the chief, claimant continued to perform his regular duties as a captain in charge of 10 firefighters and responded to two

calls on his last day of work. While the record contains some medical evidence to support claimant's contention that his back condition had advanced to the stage where it prevented him from performing his regular firefighting duties, there is no evidence that he was unable to perform any of the available light-duty assignments. In these circumstances, there is substantial evidence to support the Board's conclusion that claimant voluntarily withdrew himself from the labor market.

Claimant's reliance on *Matter of Knouse v Millshoe* (260 AD2d 948) is misplaced, for in that case the record contained undisputed medical evidence of the claimant's total disability. Here, in contrast, the medical evidence establishes at most that claimant had a partial disability which prevented him from performing his regular duties as captain. There is no medical evidence that claimant was unable to perform any of the available light-duty assignments. Claimant's reliance on 2 NYCRR part 364 is also misplaced, for those regulations are pertinent to the administrative determination of an applicant's entitlement to disability retirement benefits under the Retirement and Social Security Law, which is separate and distinct from a decision of the Board on a claim for benefits under the Workers' Compensation Law (*cf., Matter of Kellar v Regan*, 212 AD2d 856, 858).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.