■ In the Matter of BARBARA FRASCH, Respondent, v LAKE-SIDE MEMORIAL HOSPITAL et al., Appellants. WORKERS' COMPEN-SATION BOARD, Respondent. [710 NYS2d 698] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed September 11, 1998, which ruled that claimant did not voluntarily withdraw from the labor market.

On September 8, 1994, claimant, a resident of Florida employed as a staff nurse for a private hospital in New York, sustained a compensable injury to her left shoulder. She underwent surgery to repair a torn rotator cuff and was released by her physician for restricted duties in July 1995. In late September 1995, the employer offered claimant a part-time clerical position which she could perform within her medical limitations. Claimant declined the offer, however, because she was leaving in October 1995 to spend the winter at her permanent residence in Florida, as she did every year, and she believed that the part-time position would not permit a leave of absence. Claimant was terminated from her employment in late October 1995. Following a hearing and subsequent administrative appeal by the employer, the Workers' Compensation Board determined that claimant had not voluntarily withdrawn from the labor market and awarded her workers' compensation benefits. The employer appeals.

The question of whether claimant's refusal to accept the light-duty position offered by the employer constituted a voluntary withdrawal from the labor market was a question for the Board to resolve, and its determination in that regard will not be disturbed if supported by substantial evidence (*see, Matter of Korczyk v City of Albany*, 264 AD2d 908; *Matter of Serwetnyk v USAir, Inc.*, 249 AD2d 631, 632). Linda Knab, the employer's vice-president of human resources, was aware that claimant, who had no place to live in New York during the winter, left for an extended visit to Florida every October and

knew that her annual trip was imminent when she offered claimant the part-time position. Claimant testified that once she arrived in Florida and was terminated from her employment, she actively sought new employment without success until December 1995 when she was classified as totally disabled and discontinued her job search. According to claimant's Florida physician, claimant's condition gradually worsened and she became totally disabled from working due to continuing symptoms of left shoulder pain following the rotator cuff repair, sympathetic right shoulder pain resulting from overuse, and cervical radiculopathy related to the September 1994 injury.

We conclude that the record provides adequate evidentiary support for the Board's finding that it was not unreasonable for claimant to refuse the clerical position offered by the employer and that she did not voluntarily withdraw from the labor market (*see, Matter of Okonski v Pollio Dairy Prods. Corp.*, 184 AD2d 871, 872; *see also, Matter of Brockington v University of Rochester*, 266 AD2d 595; *Matter of Konz v Universal Joint Sales*, 262 AD2d 819; *Matter of Turner v Erie County Med. Ctr.*, 250 AD2d 1020). We have reviewed the employer's remaining contentions and find them to be unavailing.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.