■ In the Matter of THOMAS VANELLI, Appellant, v NEW VENTURE PROCESS GEAR, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [757 NYS2d 834] —Kane, J. Appeal from a decision of the Workers' Compensation Board, filed March 19, 2001, which ruled that claimant's employment was not terminated in violation of Workers' Compensation Law § 120.

In March 1995, claimant had been assigned to a light-duty position as a result of a prior carpal tunnel injury for which he had been awarded workers' compensation benefits. At that time, claimant was under a medical restriction that prohibited him from engaging in work which entailed repetitive movements of his wrists or hands or lifting in excess of 10 pounds. On March 20, 1995, he injured his left ankle at work. He filed a workers' compensation claim with respect to this injury and was eventually awarded benefits. Claimant was absent from work from March 21, 1995 until April 3, 1995. On April 6, 1995, his employer discharged him for allegedly receiving workers' compensation benefits under false pretenses. The decision was based upon the report of a private investigator who observed claimant carrying two sofas on March 30, 1995.

Thereafter, claimant filed a discrimination claim alleging a retaliatory discharge in violation of Workers' Compensation Law § 120. Following various hearings, a Workers' Compensation Law Judge concluded that there was no statutory violation. The Workers' Compensation Board affirmed this decision, resulting in this appeal.

Initially, Workers' Compensation Law § 120 provides, in pertinent part, that "[i]t shall be unlawful for any employer or his or her duly authorized agent to discharge or in any other manner discriminate against an employee as to his or her employment because such employee has claimed or attempted to claim compensation from such employer." "The burden of proving a retaliatory discharge in violation of the statute lies with the claimant" (*Matter of Lawrik v Superior Confections*, 300 AD2d 777, 778 [2002] [citations omitted]). While Workers' Compensation Law § 120 was enacted to protect employees against employer retaliation, it was not intended to shield employees from discharge due to their own misconduct (*see* Minkowitz, 2003 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 120, 2003 Pocket Part, at 56; *see e.g. Matter of Johnson v New York City Tr. Auth.*, 242 AD2d 793 [1997], *lv denied* 91 NY2d 803 [1997]).

In the case at hand, there is no dispute that claimant was terminated because the employer had reason to believe that he misrepresented his medical condition and fraudulently received workers' compensation benefits. The private investigator testified at the hearing that she witnessed claimant move two sofas while he was absent from work due to his ankle injury and under a lifting restriction. Notably, claimant admitted that he moved the sofas on the date in question. At the time, claimant

was under a physician's order not to return to work until April 3, 1995 due to his ankle injury, as well as a medical restriction which had been imposed as a result of his carpal tunnel injury not to lift more than 10 pounds. Inasmuch as claimant's activities contradict the medical restrictions imposed upon him and provide a sound basis for the employer's finding that he engaged in misconduct by fraudulently receiving benefits, we decline to disturb the Board's conclusion that claimant was not discharged in violation of Workers' Compensation Law § 120 (*cf. Matter of Wesp v Liberty Natl. Bank & Trust Co.*, 119 AD2d 934 [1986]).

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, with costs.