■ In the Matter of the Claim of ANITA TESTANI, Appellant, v ARAMARK SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [760 NYS2d 694] —Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed August 20, 2001, which ruled that claimant had voluntarily withdrawn from the labor market.

Claimant, a clerk at a university cafeteria, was injured when she slipped and fell at work. Claimant eventually stopped working due to her injuries, was found by her treating physician to be totally disabled and began receiving workers' compensation benefits. After a physician retained by the employer's workers' compensation carrier opined that claimant was only partially disabled and capable of working with restrictions, the employer offered claimant a light-duty assignment within those restrictions. Claimant did not accept this assignment and, following a hearing, a Workers' Compensation Law Judge determined that claimant's refusal of this assignment constituted a voluntary withdrawal from the labor market and closed her workers' compensation case. Upon review, the Workers' Compensation Board affirmed, prompting this appeal.

Whether a claimant's refusal to accept a light-duty assignment constitutes a voluntary withdrawal from the labor market is a factual question for the Board and its determination will not be disturbed if supported by substantial evidence (see Matter of Frasch v Lakeside Mem. Hosp., 274 AD2d 612, 612 [2000]; Matter of Peluso v Fairview Fire Dist., 269 AD2d 623, 623 [2000]). Here, although claimant contends that her refusal to accept the new assignment offered by the employer was not a voluntary withdrawal because her physician had found her to be totally disabled, the Board was entitled to credit the opinion of the carrier's physician that claimant was only partially disabled and able to work with restrictions (see Matter of Scarpelli v Bevco Trucking Corp., 305 AD2d 892 [2003]; Matter of Kramer v Ultra Blend Corp., 297 AD2d 890 [2002], lv denied 99 NY2d 506 [2003]). Inasmuch as claimant refused a light-duty assignment that was consistent with her limitations, as found by the carrier's physician and credited by the Board, the resulting determination that claimant voluntarily withdrew from the labor market is supported by substantial evidence.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.