Kane, J.
Appeal from a decision of the Workers’ Compensation Board, filed February 25, 2002, which ruled that claimant voluntarily withdrew from the labor market and denied his claim for workers’ compensation benefits.
Claimant was working as a food service supervisor at a health care facility when he sustained injuries in the course of his employment in December 1996 and March 1997. He returned to active employment following each of these accidents, but stopped working in May 1997, using accumulated sick and vacation time until his retirement in August 1997, nine days prior to his 62nd birthday. He had worked for his employer for 25 years. The carrier objected to claimant’s application for workers’ compensation benefits based on an alleged withdrawal from the labor market. The Workers’ Compensation Law Judge found that claimant’s retirement was at least partially due to his work-related injuries and granted him benefits. The Workers’ Compensation Board reversed because there was no evidence that any medical professional had advised claimant to retire. This Court reversed the Board, ruling that the absence of medical advice to retire was not, by itself, controlling on the issue of whether claimant had voluntarily withdrawn from the labor market (289 AD2d 795 [2001]). We accordingly remitted for a determination “based upon all of the relevant evidence in the record” (id. at 796). On remittal, the Board again ruled that claimant voluntarily withdrew from the labor market, concluding, “based on a review of the entire record, and in particular the circumstances of claimant’s decision to retire at age 63 without having consulted with a physician, that claimant’s retirement was due solely to factors other than his established back condition.” Since the circumstances upon which the Board based its decision “in particular” are factually incorrect, we must again reverse and remit this matter.
Initially, our prior remittal to the Board required it to review the evidence in the record at the time of the hearing. Contrary to the parties’ contentions, the Board correctly refused to rely upon new evidence submitted after our prior decision, as that information was not in the original record and remittal was not an invitation to supplement the record.
The Board’s determination of the factual issue of whether a claimant has voluntarily withdrawn from the labor market will not be disturbed if supported by substantial evidence (see Mat *738 ter of Griffin v Syracuse Rigging Co., 259 AD2d 925, 926 [1999]). While the Board has authority to make credibility determinations and draw reasonable inferences from the record evidence (see Matter of Baumgarten v New York State Banking Dept., 279 AD2d 741, 741 [2001]), which it did here by finding not credible claimant’s testimony relating his retirement to his work-related injuries, we cannot sustain such a determination when it is clearly based on incorrect facts or an inaccurate reading of the record (see Matter of Perry v J & S Distribs., 24 AD2d 662 [1965]). In determining that claimant retired based solely on factors not related to his injuries, the Board particularly relied on claimant’s retirement at age 63, when in fact he was 61 on the date of his retirement. The Board also particularly relied on the questionable fact that he retired “without having consulted with a physician.” The record demonstrates that claimant was under chiropractic care on a regular basis for at least 45 days prior to communicating his intent to retire. Clearly, claimant had consulted with medical professionals, contrary to the Board’s finding. While there is no evidence that claimant was specifically advised to retire, this question was never directed to claimant at the hearing. Given the infirmities in the stated bases for the Board’s decision, we must reverse.
Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.