■ In the Matter of the Claim of WANDA SHAMBO, Respondent, v ORKIN PEST CONTROL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [773 NYS2d 920]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed February 7, 2002, which ruled that claimant did not voluntarily withdraw from the labor market.

While employed as a service technician for the employer, claimant injured her back in an April 1999 work-related incident and was never able to return to this position. She accepted a light-duty clerical job in the employer's office with flexible hours that accommodated her physical limitations, medical appointments and part-time college schedule. She lost this job in October 2000 due to a reduction in staff. In January 2001, with the assistance of a counselor at the Office of Vocational and Educational Services for Individuals with Disabilities, claimant began attending a local community college full time after being accepted into a labor training program (see Labor Law § 599). In mid April 2001, claimant received a letter from the employer advising her that a full-time office position was available starting May 7, 2001. Claimant ultimately declined the position because she would not have been able to perform the job and also continue with the retraining program. It is undisputed that this new light-duty position, unlike claimant's old one, had an inflexible work schedule.

The employer sought to suspend claimant's workers' compensation benefits on the ground that she had voluntarily removed herself from the labor market by refusing its offer of reemployment. Following a hearing, a Worker's Compensation Law Judge concluded that claimant, who was permanently partially disabled as a result of the work-related injury, did not voluntarily remove herself from the labor market because the job offered did not accommodate her vocational rehabilitation requirements. The Workers' Compensation Board affirmed, prompting this appeal.

"[W]hether claimant's refusal to accept the light-duty position offered by the employer constituted a voluntary withdrawal from the labor market was a [factual] question for the Board to resolve, and its determination in that regard will not be

disturbed if supported by substantial evidence" (*Matter of Frasch v Lakeside Mem. Hosp.*, 274 AD2d 612, 612 [2000]; *accord Matter of Testani v Aramark Servs.*, 306 AD2d 709, 709 [2003]; *Matter of Brockington v University of Rochester*, 266 AD2d 595, 596 [1999]). Here, the record provides adequate support for the Board's finding that claimant's failure to accept the employer's offer of employment did not constitute a voluntary removal from the market place (*see Matter of Dooley v NYS Bronx Children's Psychiatric Hosp.*, 56 AD2d 680 [1977]; *cf. Matter of Willis v Auxiliary Servs. Corp.*, 256 AD2d 803 [1998]). It was not unreasonable for claimant to refuse the new assignment since she was enrolled in a vocational retraining program which the offered position would not accommodate (*see Matter of Dooley v NYS Bronx Children's Psychiatric Hosp., supra*; *Larke v Bell Aerosystems, Div. Bell Aerospace Corp.*, 50 AD2d 649 [1975], *affd* 40 NY2d 1019 [1976]; *see also Matter of Pegoraro v Tessy Plastics Corp.*, 287 AD2d 909 [2001], *lv dismissed and denied* 98 NY2d 669 [2002]; *Matter of Johnson v New York City Health & Hosps. Corp.*, 251 AD2d 920 [1998]; *Matter of Prior v Wegmans Food Mkts.*, 246 AD2d 951 [1998]; *cf. Matter of Campbell v AC Rochester Prods., Div. of Gen. Motors Corp.*, 268 AD2d 711 [2000]).

We have reviewed the employer's remaining contentions and find them to be without merit.

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.