■ In the Matter of the Claim of JANINE F. MORGAN, Respondent, v NEW YORK CITY DEPARTMENT OF CORRECTION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [834 NYS2d 342]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed April 20, 2005, which ruled that claimant was discharged by the employer in violation of Workers' Compensation Law § 120.

Claimant was appointed to the position of New York City Correction Officer on January 4, 1996. Her status as a permanent employee, however, was contingent upon her successful completion of the required 24-month probation period, during which time she would be evaluated based upon, among other things, her attendance record and her adherence to departmental directives. To that end, claimant executed a document evidencing her understanding that her probationary period would be subject to a day-for-day extension for each day that she was unable to perform the duties of her position, including, but not limited to, sick days or medically monitored duty.

In May 1997, claimant's commanding officer requested that claimant be terminated for violating Directive 2262 by failing to call in sick at least one hour prior to the start of her tour on two occasions. The matter underwent departmental review in December 1997 and, on January 16, 1998, claimant was advised that her probationary period was being extended day for day for her absences, plus an additional three months, ending on April 28, 1998. That same day, claimant was injured in the line of duty and filed a claim for workers' compensation benefits. Upon

returning to work 11 days later on medically monitored duty, claimant signed a letter acknowledging the extension of her probationary period and her understanding that her failure to maintain a satisfactory work period might result in her termination.

Thereafter, on June 8, 1998, following her return to full duty, claimant again was injured during the course of her employment and she filed for workers' compensation benefits. Although claimant briefly returned to work in September 1998, this injury essentially prevented her from working until November 1998. At that time, she returned to work on medically monitored status, where she remained until she was terminated from her position in January 2000.

In July 2001, claimant filed the instant discrimination complaint against the employer pursuant to Workers' Compensation Law § 120, contending that she was terminated from her position in retaliation for seeking workers' compensation benefits. Following various hearings, a Workers' Compensation Law Judge found that the employer indeed violated Workers' Compensation Law § 120 in terminating claimant, and that finding was affirmed by a panel of the Workers' Compensation Board. This appeal by the employer ensued.

We agree with the employer that the record as a whole lacks substantial evidence to support the Board's finding that claimant was discharged from her position in retaliation for seeking workers' compensation benefits and, accordingly, we reverse. The applicable principles were summarized by this Court in *Matter of Coscia v Association for the Advancement of Blind & Retarded* (273 AD2d 719 [2000]). "Workers' Compensation Law § 120 prohibits an employer from discharging or discriminating against an employee because such employee has claimed or is attempting to claim workers' compensation benefits. At issue in discrimination cases . . . is whether the employer had a retaliatory intent in discharging the employee. The employee, as the accuser, bears the burden of demonstrating that his or her discharge was in retaliation for filing a claim. The employee must also establish a causal nexus between the employee's activities in obtaining compensation or filing a discrimination complaint and the employer's activities against him" (*id.* at 720-721 [citations omitted]). If, however, the underlying termination is not made in retaliation for the employee's compensation claim, i.e., if some other valid reason for the discharge exists, no statutory violation has occurred (*see Matter of Duncan v New York State Dev. Ctr.*, 63 NY2d 128, 135 [1984]).

Here, the Board expressly found that claimant "failed to prove

that the employer was motivated to extend her probationary period due to her workers' compensation claims," noting that "claimant was treated as any other probationary employee would have been in the same circumstances who had not filed workers' compensation claims." The Board also rejected claimant's assertion that her probationary period was extended in violation of the employer's own policies and directives, concluding that "claimant's probationary period was properly extended in accordance with the employer's procedures." As to the stated basis for claimant's termination—namely, her three violations of Directive 2262 between June 1998 and September 1998—the Board acknowledged that "there may have been/may be conflicting rules on the subject of logging-in." Notwithstanding the overall lack of clarity as to the subject directive's applicability to employees injured in the line of duty, the Board nonetheless concluded that the employer's failure to notify claimant of her violations of Directive 2262 constituted disparate treatment and, hence, supported a finding that "the employer discriminated against . . . claimant when she was ultimately terminated for violating Directive 2262." We cannot agree.

Simply put, the mere fact that the employer failed to notify claimant of the underlying violations (or may have failed to consistently follow its own procedures in this regard) does not, standing alone, satisfy claimant's burden of establishing that she was discharged from her position because she sought workers' compensation benefits. This is particularly true where, as here, the Board found that the extension of claimant's probationary period was neither improper nor motivated by her filing for benefits, and the record plainly reveals a valid reason for claimant's dismissal, to wit, the employer's dissatisfaction with claimant's attendance record as early as May 1997, well before claimant's first compensable injury in January 1998. Thus, while this Court's inquiry admittedly is limited to whether there is substantial evidence to support the Board's decision, our review of the record leads us to conclude that such evidence is lacking here. Accordingly, the Board's decision is reversed and the underlying claim is dismissed.

Mercure, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and claim dismissed.