■ In the Matter of the Claim of OLIVIA TORRANCE, Appellant, v LORETTO REST NURSING HOME, Respondent. WORKERS' COMPENSATION BOARD. Respondent. [876 NYS2d 253]—

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed July 19, 2007, which ruled that claimant's discharge was not in violation of Workers' Compensation Law § 120.

Claimant, a food service worker employed at Loretto Rest Nursing Home, was a member of the New York Health and Human Service Union, 1199 SEIU, AFL-CIO and was subject to its collective bargaining agreement with Loretto. In September 2003, she injured her buttocks and lower back when she slipped on a wet floor while carrying trays. She was subsequently awarded workers' compensation benefits and received lost wages at the total disability rate from September 2003 until January 2004 and at the partial disability rate from February 2004 through November 2004. While receiving partial disability benefits, claimant secured a light duty position with another

company. When the income from her light duty position was taken into account, she received an additional reduced earnings award for the period from November 11, 2004 through December 15, 2004. After Loretto learned of claimant's light duty position, it terminated her employment in accordance with the terms of the collective bargaining agreement. In response, claimant filed a discrimination claim pursuant to Workers' Compensation Law § 120. Following a hearing, a Workers' Compensation Law Judge found that claimant had been discriminated against in violation of Workers' Compensation Law § 120 and directed her reinstatement. The Workers' Compensation Board, however, reversed this decision and claimant now appeals.

Workers' Compensation Law § 120 prohibits an employer from discriminating against an employee who has filed or who has attempted to file a claim for workers' compensation benefits by discharging him or her (*see Matter of Colella v New York City Health & Hosps. Corp.*, 45 AD3d 1078, 1079 [2007]). "The employee, as the accuser, bears the burden of demonstrating that his or her discharge was in retaliation for filing a claim" (*Matter of Coscia v Association for the Advancement of Blind & Retarded*, 273 AD2d 719, 720 [2000][citation omitted]; *see Matter of Webb v New York City Dept. of Envtl. Protection*, 302 AD2d 643, 644 [2003]). In addition, the employee must "establish a causal nexus between the employee's activities in obtaining compensation . . . and the employer's activities against him [or her]" (*Matter of Coscia v Association for the Advancement of Blind & Retarded*, 273 AD2d at 721; *see Matter of Morgan v New York City Dept. of Correction*, 39 AD3d 891, 892 [2007], *lv denied* 9 NY3d 803 [2007]).

In the case at hand, claimant has not demonstrated that she was discharged in retaliation for filing a claim for workers' compensation benefits. Rather, claimant's discharge was necessitated by the provision of the collective bargaining agreement, to which Loretto was contractually bound, requiring the termination of employees who work for another employer while on an authorized leave of absence. This provision was designed to prevent "moonlighting" and was applicable to all employees, regardless of the type of leave taken. Inasmuch as Loretto's discharge of claimant was done in accordance with a neutral policy that was evenhandedly applied to all employees (*see Matter of Duncan v New York State Dev. Ctr.*, 63 NY2d 128, 134 [1984]), substantial evidence supports the Board's finding that claimant's discharge was not discriminatory in violation of Workers' Compensation Law § 120.

We reject claimant's assertion that the collective bargaining

agreement provision unfairly penalizes her because she is partially disabled and must work to receive workers' compensation benefits. Although a claimant who suffers from a partial disability must generally accept light duty work within his or her ability in order to receive workers' compensation benefits and not be considered to have voluntarily withdrawn from the labor market (*see e.g. Matter of Blair v Queens Borough Pub. Lib.*, 26 AD3d 624, 624 [2006]; *Matter of Testani v Aramark Servs.*, 306 AD2d 709 [2003]; *Matter of Peluso v Fairview Fire Dist.*, 269 AD2d 623, 623 [2000]), this is not the case if there is a reasonable basis for the claimant's refusal to accept the light duty work (*see Matter of Shambo v Orkin Pest Control*, 6 AD3d 820, 820-821 [2004], *lv dismissed and denied* 3 NY3d 734 [2004]; *Matter of Frasch v Lakeside Mem. Hosp.*, 274 AD2d 612, 612-613 [2000]). Here, the collective bargaining agreement provision at issue provided a reasonable basis for claimant to refuse the light duty position with the other employer. Consequently, we find no basis to disturb the Board's decision.

Cardona, P.J., Peters, Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.