■ In the Matter of the Claim of DANIEL JESCO, Respondent, v NORAMPAC MANUFACTURING COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [999 NYS2d 589]—

McCarthy, J.P. Appeal from a decision of the Workers' Compensation Board, filed April 2, 2013, which ruled, among other things, that claimant did not voluntarily withdraw from the labor market.

Claimant was injured in the course of his employment as a machine operator and was awarded workers' compensation benefits for that injury. Effective December 5, 2011, claimant's physician released him to light-duty work. On December 1, 2011, the employer directed claimant to report to its physician for an examination and to work for a light-duty assignment the following day, informing him that failure to do so would be considered insubordination. Claimant notified the employer that he could not attend the doctor's appointment because he had a previously scheduled appointment with his own physician, and that he was advised by both his doctor and the workers' compensation office not to return to work until his medical clearance date. The employer then suspended claimant immediately and informed him that any attempt to return to work would form the basis for trespassing charges. Thereafter, the employer terminated claimant's employment.

The employer subsequently raised the issue of voluntary withdrawal from the labor market, asserting that claimant refused an offer of light-duty employment, resulting in his termination for cause. A Workers' Compensation Law Judge concluded that claimant acted reasonably in refusing the employer's demands

and that his separation from his job was therefore not voluntary. The Workers' Compensation Board affirmed, prompting this appeal.

We affirm. "Whether claimant's failure to accept a light-duty assignment constituted a voluntary withdrawal from the labor market presented a factual issue for the Board, the resolution of which will be upheld if supported by substantial evidence" (*Matter of Browne v Medford Multicare*, 89 AD3d 1173, 1174 [2011] [citations omitted]; *see Matter of Porter v Triborough Bridge & Tunnel Auth.*, 67 AD3d 1185, 1186 [2009]). Here, the employer conceded that it gave claimant only one-day's notice of the appointment with its physician, and claimant testified that he notified the employer of a conflicting medical appointment with his orthopedic surgeon. In addition, claimant initially declined to report for a light-duty assignment, as ordered by the employer, because it was in conflict with his doctor's medical advice, and the employer has produced no medical evidence contradicting that advice. Upon reaching his medical clearance date, claimant did not report to work because he was told by the employer that he would be arrested for trespassing if he did so. Inasmuch as the failure to accept light-duty work will not be considered a voluntary withdrawal from the labor market "if there is a reasonable basis for the claimant's refusal to accept the light duty work" (*Matter of Torrance v Loretto Rest Nursing Home*, 61 AD3d 1124, 1126 [2009]), substantial evidence supports the Board's determination that claimant did not voluntarily withdraw from the labor market (*see Matter of Shambo v Orkin Pest Control*, 6 AD3d 820, 820-821 [2004], *lv dismissed and denied* 3 NY3d 734 [2004]; *Matter of Frasch v Lakeside Mem. Hosp.*, 274 AD2d 612, 612-613 [2000]; *compare Matter of Browne v Medford Multicare*, 89 AD3d at 1174).

Egan Jr., Devine and Clark, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.