*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: November 17, 2016                    522018
_____

In the Matter of the Claim of
    ANTONETA FETAHAJ,
                        Appellant,

        v

STARBUCKS CORPORATION,                    MEMORANDUM AND ORDER
                        Respondent.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  October 20, 2016

Before:  McCarthy, J.P., Lynch, Devine, Mulvey and Aarons, JJ.

_____

        Geoffrey Schotter, New York City, for appellant.

        Ogletree, Deakins, Nash, Smoak & Stewart, PC, New York City
(Theresa Donahue Egler of counsel), for Starbucks Corporation,
respondent.

_____

Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed March 17, 2015, which ruled that claimant's employment was
not terminated in violation of Workers' Compensation Law § 120.

        In January 2013, claimant and a coworker were requested by
their supervisor to take a portable bin of garbage down to the
basement of the building in which they worked and empty it into a
receptacle.  According to incident reports submitted by both
claimant and the coworker, claimant was injured when the coworker
moved the bin without realizing that claimant was leaning against

it, causing claimant to fall. Surveillance video of the incident revealed, however, that claimant's fall was actually caused by the coworker grabbing claimant by her legs and lifting them up as she leaned against the bin, causing the bin to move and claimant to fall and hit her head. When confronted with the discrepancy, the coworker admitted that he had provided false information in his report regarding how the injury had occurred. Claimant, however, stated that she could not recall how the injury occurred. Claimant's employment, as well as that of the coworker, was subsequently terminated for providing false information regarding the incident.

Claimant filed a claim alleging a retaliatory discharge in violation of Workers' Compensation Law § 120. Following a hearing, a Workers' Compensation Law Judge denied the claim, finding that claimant was discharged for providing false information to the employer and not in retaliation for filing a claim for workers' compensation benefits. The Workers' Compensation Board affirmed this determination and claimant now appeals.

We affirm. Pursuant to Workers' Compensation Law § 120, "[i]t shall be unlawful for any employer or his or her duly authorized agent to discharge . . . or in any other manner discriminate against an employee as to his or her employment because such employee has claimed or attempted to claim compensation from such employer."[1] "The burden of proving a retaliatory discharge in violation of the statute lies with the claimant" (Matter of Lawrik v Superior Confections, 300 AD2d 777, 778 [2002] [citations omitted]; see Matter of Gibson v Carrier Corp., 307 AD2d 616, 618 [2003]), who must demonstrate "a causal

---

[1] Although claimant was terminated prior to her filing a claim for workers' compensation benefits for the alleged injuries that resulted from the incident in question, this does not preclude her claim regarding the violation of Workers' Compensation Law § 120, inasmuch as the employer admitted that it was on notice of claimant's intention to file a claim for benefits based upon her submission of the incident report (see Matter of Gillen v US Air, 260 AD2d 853, 854 [1999]).

nexus between the [claimant's] activities in obtaining compensation and the employer's conduct against [him or her]" Matter of Duncan v New York State Dev. Ctr., 63 NY2d 128, 134 [1984]; see Matter of Little v Gaines Elec. Contr., Inc., 36 AD3d 1056, 1057 [2007]). Finally, "[w]hile Workers' Compensation Law § 120 was enacted to protect employees against employer retaliation, it was not intended to shield employees from discharge due to their own misconduct" (Matter of Vanelli v New Venture Process Gear, 304 AD2d 922, 923 [2003]).

The employer's representatives testified that claimant was terminated for providing false information in the incident report. The employee handbook that claimant acknowledged receiving included the warning that serious misconduct, including "falsification or misrepresentation of any company document" may warrant "immediate termination from employment." The handbook also requires all employees to report any workplace injuries to their manager and complete an employer-provided incident report form. The record contains a signed written statement from the coworker admitting that the version of the accident contained in his report was false and that claimant had asked him to write that version so that it was consistent with her report. Although claimant testified that when she completed the incident report she could not remember what had caused her to fall and denied asking the coworker to falsify his report, "[t]he Board is vested with the discretion to weigh conflicting evidence and evaluate the credibility of witnesses, and its resolution of such matters must be accorded great deference" (Matter of Donovan v BOCES Rockland County, 63 AD3d 1310, 1312 [2009] [internal quotation marks and citations omitted]; accord Matter of Friedman v New York City Dept. of Transp., 69 AD3d 1020, 1023 [2010]). This proof, coupled with the surveillance video, supports the Board's determination that claimant was terminated for misrepresenting the circumstances that caused her accident. As such, we conclude that the Board's determination that claimant was not terminated in violation of Workers' Compensation Law § 120 is supported by substantial evidence (see Matter of Torrance v Loretto Rest Nursing Home, 61 AD3d 1124, 1125 [2009]). Claimant's remaining claims have been considered and found to be without merit.

McCarthy, J.P., Devine, Mulvey and Aarons, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court