Matter of Romero v DHL Holdings (USA) Inc. (2019 NY Slip Op 00936)





Matter of Romero v DHL Holdings (USA) Inc.


2019 NY Slip Op 00936


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

525195

[*1]In the Matter of the Claim of MAURICIO BAEZ ROMERO, Appellant,
v
DHL HOLDINGS (USA) INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: January 9, 2019

Before: Egan, Jr., J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Mauricio Baez Romero, New York City, appellant pro se.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed September 20, 2016, which ruled that claimant's employment was not terminated in violation of Workers' Compensation Law § 120.
Claimant, a relief tractor-trailer courier/driver for a worldwide courier service (hereinafter the employer), was a member of the International Brotherhood of Teamsters, Local 295, and was subject to its collective bargaining agreement with the employer. On June 2, 2011, claimant sustained a work-related injury to his lower back and left shoulder while unloading a truck and subsequently filed a claim for, and ultimately received, workers' compensation benefits. According to claimant, on the day that he was injured, he notified the employer's station manager of the incident who, among other things, verbally insulted and threatened claimant with profane language. As a result of the station manager's conduct, claimant filed a grievance before going out of work on disability leave from June 3, 2011 to July 25, 2011 due to his injuries. On July 25, 2011, claimant returned to work on light duty and provided medical documentation limiting him to lifting objects no heavier than 40 pounds; however, claimant complained to his supervisor that, among other things, his assigned duties exceeded this restriction. Claimant's supervisor, in turn, made threatening and derogatory remarks to claimant on more than one occasion, prompting claimant to file a police report and additional grievances. On August 15, 2011, after contacting a senior supervisor to express his concerns, claimant left the workplace prior to the end of his shift and did not report to work the next three days, August 16, 17 and 18, 2011. The station manager, on behalf of the employer, then informed claimant by letter that his employment had been terminated for job abandonment. In March 2012, claimant filed a DC-120 form (discharge or discrimination complaint) pursuant to Workers' Compensation Law § 120, alleging that he was verbally assaulted, threatened with physical violence and terminated from employment because he filed a workers' compensation claim. Following a series of hearings, at which claimant and various employees and representatives of the employer [*2]appeared and testified, a Workers' Compensation Law Judge determined that claimant was discharged for cause, and, therefore, no statutory violation had occurred. Upon administrative review, the Workers' Compensation Board affirmed that decision. Claimant appeals.
We affirm. "Workers' Compensation Law § 120 prohibits an employer from discriminating against an employee who has filed or who has attempted to file a claim for workers' compensation benefits by discharging him or her" (Matter of Torrance v Loretto Rest Nursing Home, 61 AD3d 1124, 1125 [2009] [citation omitted]; see Matter of Fetahaj v Starbucks Corp., 144 AD3d 1350, 1351 [2016], lv denied 29 NY3d 918 [2017]; Matter of Rodriguez v C & S Wholesale Grocers, Inc., 108 AD3d 848, 849 [2013]). "The burden of proving a retaliatory discharge in violation of the statute lies with the claimant, who must demonstrate a causal nexus between the claimant's activities in obtaining compensation and the employer's conduct against him or her" (Matter of Fetahaj v Starbucks Corp., 144 AD3d at 1351 [internal quotation marks, brackets and citations omitted]; see Matter of Torrance v Loretto Rest Nursing Home, 61 AD3d at 1125; Matter of Morgan v New York City Dept. of Correction, 39 AD3d 891, 892 [2007], lv denied 9 NY3d 803 [2007]; Matter of Coscia v Association for the Advancement of Blind & Retarded, 273 AD2d 719, 720 [2000]). "Finally, while Workers' Compensation Law § 120 was enacted to protect employees against employer retaliation, it was not intended to shield employees from discharge due to their own misconduct" (Matter of Fetahaj v Starbucks Corp., 144 AD3d at 1351 [internal quotation marks, brackets and citation omitted]; accord Matter of Vanelli v New Venture Process Gear, 304 AD2d 922, 923 [2003]; see Matter of Rodriguez v C & S Wholesale Grocers, Inc., 108 AD3d at 849-850).
Claimant has not demonstrated, as he is required to do, that he was discharged in retaliation for filing a claim for workers' compensation benefits. Rather, claimant's discharge resulted from the provision of the collective bargaining agreement, to which claimant was bound, permitting the employer to terminate claimant's employment for three consecutive days of unexcused absences from work. John Montecalvo, the station manager who issued the termination letter, testified that claimant's employment was terminated because he walked off the job and failed to report to work for more than three days, and that termination decision was later upheld by an arbitrator under the express terms of the parties' collective bargaining agreement. Claimant admitted that, despite being asked to remain at work on August 15, 2011 by a senior supervisor, he left his job prior to the end of his shift and that, over the next three days (from August 16 to 18, 2011), he failed to report to work, contact his supervisor or use the automated call system to report his absence. Claimant also testified that he did not know whether Montecalvo and his supervisor ever discussed taking retaliatory action against him for filing a workers' compensation claim and that, on August 15, 2011, he refused to accept another assignment with a different supervisor. Although the testimony of claimant and his witnesses, if credited, could support claimant's contention that his supervisor threatened and verbally insulted him and exhibited an animus towards him, the Board was entitled to credit the record evidence reflecting that the supervisor — as well as the filing of claimant's workers' compensation claim — was not involved in, or related to, the decision to terminate claimant's employment, and "it is not our role to weigh conflicting proof or to substitute our judgment for the decision made by the Board" (Matter of Lawrik v Superior Confections, 300 AD2d 777, 779 [2002]; see Matter of Fetahaj v Starbucks Corp., 144 AD3d at 1352). In our view, the foregoing constitutes substantial evidence to support the Board's finding that claimant failed to demonstrate a nexus between the filing of his workers' compensation claim and termination from employment (see Matter of Fetahaj v Starbucks Corp., 144 AD3d at 1351-1352; Matter of Vanelli v New Venture Process Gear, 304 AD2d at 923-924; Matter of Lawrik v Superior Confections, 300 AD2d at 779).
To the extent that claimant relies upon the Unemployment Insurance Appeal Board's finding that his failure to return to work was not misconduct and that he had good cause to leave his employment — and therefore he was entitled to unemployment insurance benefits — we note that said determination is not binding here (see Matter of Local 54 United Paperworkers Intl. Union [Commissioner of Labor], 301 AD2d 922, 923 [2003]; Matter of Simonelli v Adams Bakery Corp., 286 AD2d 805, 806 [2001], lv dismissed 98 NY2d 671 [2002]; Matter of Engel v [*3]Calgon Corp., 114 AD2d 108, 114 [1986], affd 69 NY2d 753 [1987]). Claimant's remaining contentions, to the extent they are properly before us, have been considered and found to be without merit.
Clark, Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.