Matter of Peterec-Tolino v Five Star Elec. Corp. (2019 NY Slip Op 08899)





Matter of Peterec-Tolino v Five Star Elec. Corp.


2019 NY Slip Op 08899


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

527189

[*1]In the Matter of the Claim of John Peterec-Tolino, Appellant,
v
Five Star Electric Corp., Respondent. Workers' Compensation Board, Respondent.

Calendar Date: November 18, 2019

Before: Garry, P.J., Lynch, Mulvey, Aarons and Colangelo, JJ.


John Peterec-Tolino, New York City, appellant pro se.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York City (Jeremy Buchalski of counsel), for Five Star Electric Corp., respondent.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed May 15, 2018, which ruled, among other things, that claimant's employment was not terminated in violation of Workers' Compensation Law § 120.
In December 2013, and again in June 2014, claimant, an electrician and journeyman mechanic, was hired by the employer to work on various projects. On December 4, 2014, while working for the employer, claimant walked into a pipe and struck his left knee. As a result of that incident, the employer prepared accident and incident reports; however, claimant did not seek or receive any medical treatment or lose any time from work. On January 20, 2015, the Workers' Compensation Board notified claimant that it had received an ADR-1 form (Alternate Dispute Resolution Program Report of Injury) and that the incident would be administered under the alternate dispute resolution program pursuant to Workers' Compensation Law § 25 (2-c). On January 23, 2015, the employer terminated claimant's employment and, on January 29, 2015, placed a "Do Not Return" letter within claimant's employment file indicating that there was some sort of problem with claimant's work performance.[FN1]
In January 2017, claimant filed the underlying discrimination complaint with the Board (form DC-120) pursuant to Workers' Compensation Law § 120. He alleged that his January 2015 dismissal from employment was due to the filing of the accident/incident reports. Following a hearing, a Workers' Compensation Law Judge issued a reserved decision in January 2018 that disallowed the discrimination claim. Upon administrative review, the Board affirmed, finding, among other things, that claimant's employment was terminated as the result of legitimate business actions, and, therefore, claimant failed to establish a Workers' Compensation Law § 120 violation. Claimant appeals.
We affirm. "Workers' Compensation Law § 120 prohibits an employer from discriminating against an employee who has filed or who has attempted to file a claim for workers' compensation benefits by discharging him or her" (Matter of Romero v DHL Holdings [USA] Inc., 169 AD3d 1124, 1125 [2019] [internal quotation marks and citations omitted]; see Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 5 [1979]; Matter of Fetahaj v Starbucks Corp., 144 AD3d 1350, 1351 [2016], lv denied 29 NY3d 918 [2017]). "The burden of proving a retaliatory discharge in violation of the statute lies with the claimant, who must demonstrate a causal nexus between the claimant's activities in obtaining compensation and the employer's conduct against him or her" (Matter of Romero v DHL Holdings [USA] Inc., 169 AD3d at 1125 [internal quotation marks and citations omitted]; see Matter of Torrance v Loretto Rest Nursing Home, 61 AD3d 1124, 1125 [2009]). "Inasmuch as employers who seek to discourage their employees from pursuing workers' compensation claims rarely broadcast their intentions to the world, distinguishing a discharge motivated by retaliation from a discharge based upon a legitimate business concern can be challenging" (Matter of Rodriguez v C & S Wholesale Grocers, Inc., 108 AD3d 848, 849-850 [2013] [internal quotation marks and citations omitted]).
After carefully reviewing the record before us, as well as the testimony presented at the hearing before the Workers' Compensation Law Judge, we conclude that the Board's determination that there was no credible evidence to support claimant's allegation that he was discriminated against under Workers' Compensation Law § 120 must be affirmed. The Board properly found that the termination of claimant's employment was based upon legitimate business concerns. The record reflects that, prior to claimant's termination, the employer was implementing a furlough replacement program that required the employer to lay off approximately 10% of its electricians. Significantly, Kenneth Benfante, the employer's general superintendent, testified that, in October 2014, a few months prior to claimant's injury, he received an email suggesting that claimant be laid off from work. Benfante was later notified by his supervisory staff that claimant was not welcome back to work due to poor work performance, and claimant acknowledged in his testimony that, prior to his injury, he was told that the employer had contacted the union looking for other qualified workers to replace him. Benfante also stated that, at the time he signed claimant's termination slip, he was unaware that claimant had "sustained an accident" at work. Although claimant maintains that the timing of his termination — days after receiving the alternative dispute resolution letter from the Board — is not coincidental, we have limited power "to review the sufficiency of evidence and lack[] the ability to weigh conflicting proof or substitute our judgment for the inferences drawn by the Board" (Matter of Coscia v Association for the Advancement of Blind & Retarded, 273 AD2d 719, 721 [2000]; see Matter of Dennis v. County Limousine Serv., 270 AD2d 740, 741 [2000]). Accordingly, we find that the Board's decision that claimant failed to demonstrate a nexus between his work-related injury and termination from employment was supported by substantial evidence (see Matter of Romero v DHL Holdings [USA] Inc., 169 AD3d at 1126; Matter of Torrance v Loretto Rest Nursing Home, 61 AD3d at 1125-1126). To the extent that claimant's remaining contentions are properly before us, they have been considered and found to lack merit.
Garry, P.J., Lynch, Mulvey and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Soon thereafter, claimant filed a complaint against the employer with the Occupational Safety and Health Administration alleging that his employment was terminated in retaliation for reporting alleged building code violations relating to asbestos encapsulation. In July 2015, the parties entered into a settlement agreement resolving this matter. As a result of the agreement, the employer rescinded the "Do Not Return" letter from claimant's employment file.