■ In the Matter of the Claim of JOHN LAMIA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 27, 1983, which ruled that claimant did not voluntarily remove himself from the labor market and awarded him benefits for a continuing causally related injury. ¶ Claimant, a 62-year-old painter employed by the self-insured employer, injured his back in a work-related accident on November 9, 1979. Full benefits were awarded for the period November 10, 1979 to November 26, 1979 and February 11, 1980 to March 7, 1980. At a December 15, 1980 hearing, claimant testified that he returned to light duty on May 15, 1980 but had to stop as of June 24 because of back pain. He has not worked again except for one week in July of 1980. He retired on pension July 15, 1980 and moved to Florida, where he completed purchase of a home on which he had placed a deposit one year earlier. The case was closed for lack of medical evidence in August, 1981, but reopened by the board in October, 1981 on the basis of a medical report filed by Dr. Jack Lund, claimant's treating physician in Florida, which indicated that claimant was still disabled. In a C-48 form dated May 27, 1982, Dr. Lund diagnosed claimant's injury as "chronic lumbo sacral myositis" resulting in a total and permanent disability. In the meantime, on May 7, 1982, following a hearing, an administrative law judge rejected the employer's contention that claimant had removed himself from the labor market by retirement and awarded compensation at a reduced rate of $105 weekly from July 15, 1980 to date, with payments to continue. On review, the board affirmed, giving rise to this appeal by the employer. ¶ The decision should be affirmed. Whether claimant was disabled from work or voluntarily withdrew from the labor market is a factual question for board resolution, and if supported by substantial evidence in the record, that decision should not be

disturbed (*Matter of Hickey v New York Tel. Co.,* 80 AD2d 702). The record contains claimant's application for disability retirement, several medical reports and his own testimony, all of which provide substantial evidence to support the decision that his retirement was not voluntary, but occasioned by a medical disability (see *Matter of Hyers v Wells Fuel Oil Co.,* 46 AD2d 704). Nor do we find error in the administrative law judge's refusal to accept certain reports and testimony from the employer's examining physician. It is conceded the two proffered reports were over two years old and that the employer had adequate opportunities to promptly offer both the reports and the doctor's testimony. Having failed to timely file these medical reports (12 NYCRR 300.2 [b]), the employer may not now be heard to complain (*Matter of Hickey v New York Tel. Co., supra*). ¶ Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.