■ In the Matter of the Claim of BEVERLY CROSBY, Respondent, v SCM CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from decisions of the Workers' Compensation Board, filed April 26, 1983 and September 15, 1983, which ruled that claimant did not voluntarily withdraw from the labor market and awarded her benefits for a continuing causally related injury.

Claimant had been employed for 19 years by the SCM Corporation (SCM) as an inspector and repairer of typewriters when, on April 10, 1979, she injured her back while at work. Claimant's physician testified that, as a result, she contracted sacroileitis, an inflammation of the sacroiliac joint in the lower back, causing her to suffer severe back pain. Claimant did not return to work after her injury. On June 9, 1980, she was awarded benefits at a reduced earnings rate for the period from April 19, 1979 to June 3, 1980, and the carrier was directed to continue payments for an indefinite period thereafter.

Upon the gradual improvement of claimant's condition by the spring of 1980, SCM worked out with claimant's physician a job which they hoped she could undertake despite her continuing physical impairment. The doctor advised SCM's representative that claimant would be unable to sit or stand in one place for long periods of time, or to do heavy lifting. She would also have to perform limbering exercises every 5 to 10 minutes to keep her back muscles from hurting. The job which SCM ultimately offered claimant involved work on an assembly line, installing space bars on typewriters at a rate of one typewriter every 2¼ minutes. Claimant was told that she would be able to perform this job both sitting and standing. The job was to begin April 14, 1980. However, that morning, claimant phoned SCM and informed them that her back pain was so severe that she could not come to work. SCM immediately replaced claimant with another worker.

On this appeal from the board's decision holding that claimant has a continuing causally related disability, SCM concedes the causal relationship of claimant's injury to her work and it has accepted liability for the award of benefits up to April 14, 1980.

However, it argues that despite claimant's admitted disability, on that date she was offered a job designed to be within her physical capacities which she rejected without even trying. SCM concludes that claimant should be denied benefits on the ground that she voluntarily withdrew from the labor force. We disagree.

The testimony of both claimant and her physician at the hearing disclosed that (1) she had to exercise every 5 to 10 minutes to keep her back muscles from hurting, and (2) she might suffer from painful, involuntary muscle spasms at random intervals which would require her to stop working altogether until they subsided. Under these circumstances, it is difficult to see how claimant could successfully have performed the job in question, which would have required her to work under the time constraints of an assembly line, producing a new unit every 2¼ minutes. This is especially true in view of the testimony of a plant manager at SCM who stated that claimant could not have taken any unscheduled breaks from her work without impairing the production of the entire line.

Whether claimant voluntarily withdrew from the labor market is a factual question to be resolved by the board whose resolution of that question, if supported by substantial evidence in the record, must be affirmed (*Matter of Lamia v New York City Tr. Auth.,* 103 AD2d 887, 888; *Matter of Hickey v New York Tel. Co.,* 80 AD2d 702). Given the evidence outlined above, which amply supports the board's finding that claimant did not voluntarily withdraw from the labor market, we are constrained to affirm.

Decisions affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.