(December 18, 1986)

■ In the Matter of the Claim of RENO J. LANDI, Respondent, v CARRIER CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed April 2, 1985.

Claimant, a 61-year-old brake press operator, sustained an acute back strain and aggravation of degenerative disc disease while working which resulted in total disability from February 23, 1982 to May 4, 1982. He was paid compensation benefits for a continuing partial disability at a 50% reduced earnings rate and worked until August 25, 1982. He was absent due to unrelated varicose vein surgery until December 6, 1982. During that interval, claimant's doctor reported that he was not totally disabled and could do limited work. He decided to retire effective February 1, 1983 stating that he was not capable of working, even at a nonlifting, nonbending inspector's job which the employer made available to him. On November 10, 1983, the Administrative Law Judge closed the case holding that by his retirement, claimant had voluntarily removed himself from the labor market on January 31, 1983. Subsequently, the Workers' Compensation Board, based on the entire record, reversed the Administrative Law Judge on the issue of voluntary withdrawal, finding that the testimony of claimant and the reports of his doctor confirmed he retired due to the continuing permanent partial disability to his lower back. The employer and its carrier have appealed.

"Whether claimant voluntarily withdrew from the labor market is a factual question to be resolved by the board whose resolution of that question, if supported by substantial evidence in the record, must be affirmed" (*Matter of Crosby v SCM Corp.*, 106 AD2d 769, 770; *see, Matter of Lamia v New York City Tr. Auth.*, 103 AD2d 887, 888). Examination of the record demonstrates that claimant remained under the care of his orthopedist continually since the initial accident. Physiotherapy and medication were prescribed. The doctor noted low back pain on virtually every examination. While he encouraged claimant to try to perform light work, on December 21, 1984 he ultimately concluded that claimant's "pain in the lower back will never subside completely but then he should be able to live with it". He continued to prescribe moist heat, exercises and medication for pain. Claimant testified that he did in fact work on the inspector job approximately three weeks despite having given notice of his intent to retire on January 31, 1983. During that period, while he neither complained to the medical department nor went home early, he testified he "just sat it out; just sat on the side". When asked what was his reason for retiring on February 1, 1983, he responded, "Like I said, I couldn't work. I couldn't do an eight hour job. Certain days I couldn't do it. That's all." The employer offered no medical evidence to refute this proof. This

evidence amply supports the Board's finding that claimant did not voluntarily withdraw from the labor market *(see, Matter of Crosby v SCM Corp., supra; cf. Matter of Bahor v New York Tel. Co.,* 91 AD2d 756 [claimant failed to work at medically approved position, retired without medical consultation and did not consult a physician until seven months later]).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.