■ In the Matter of the Claim of PETER SERWETNYK, Appellant, v USAIR, INC., Respondent. WORKERS' COMPENSATION

BOARD, Respondent. [671 NYS2d 537] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed February 2, 1996, which, *inter alia*, ruled that claimant was ineligible to receive workers' compensation benefits after a certain date as he voluntarily withdrew himself from the labor market.

In May 1989, claimant began work as an aircraft mechanic for USAir, Inc. at an airport in the City of Rochester, Monroe County, and thereafter suffered an injury which was ultimately determined to be causally related to his employment. Because he was on the company's "job injury list", his position was eventually taken over by another employee with more seniority. On May 2, 1993, claimant's physician released him to perform light-duty work. By letter dated June 24, 1993, claimant was notified by USAir that a light-duty position, consistent with his physician's limitations, was available for him in Roanoke, Virginia.

During the first week of July 1993, claimant reported to Roanoke to discuss the position during which time he "hung around" the airport for three days for which he was paid. He then requested, and was granted, a vacation by his Roanoke supervisor, Jeff Flanagan. By letter dated July 13, 1993, Flanagan advised claimant, who by then had returned to Rochester, that he was expected back at work on August 6, 1993. Claimant never reported back to work in Roanoke or contacted Flanagan to explain his absence. Accordingly, by letter dated August 11, 1993, he was terminated from his employment with USAir on the ground that he abandoned his job. His termination was subsequently upheld following a hearing.

The Workers' Compensation Board denied claimant benefits as of August 11, 1993 on the ground that he voluntarily removed himself from the labor market. The issue in this case—whether claimant's failure to accept the light-duty assignment in Roanoke constitutes a voluntary withdrawal from the labor market—is a factual one for Board resolution (*see, Matter of Okonski v Pollio Dairy Prods. Corp.*, 184 AD2d 871, 872; *Matter of Landi v Carrier Corp.*, 125 AD2d 789, 790). Where, as here, its decision is supported by substantial evidence, it will not be disturbed (*see, id.*).

The record reveals that claimant was released for work as of May 2, 1993, offered a light-duty position consistent with his physical limitations (*cf., Matter of Crosby v SCM Corp.*, 106 AD2d 769) and refused to accept it for no other reason than it was in Roanoke. According to claimant, upon receipt of the July 13, 1993 letter, he informed Flanagan that he "wasn't going to come back to Roanoke" because "[he] did not feel that

[he] should be there". Flanagan similarly testified that claimant's only complaint to him concerning the job was that it was in Roanoke. Although claimant accepted the position with USAir fully aware that a condition of employment included relocating within the United States under the company's seniority-based bidding system, he steadfastly maintained that he believed he should have a job in Rochester. Indeed, claimant's own testimony reveals that his refusal to return to Roanoke and accept the light-duty position was motivated solely by factors unrelated to his disability.* Under these circumstances, we find substantial evidence to support the Board's determination that claimant voluntarily removed himself from the labor market.

We have reviewed claimant's remaining contentions and reject them as unpersuasive.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* A computer-generated job assignment letter dated August 11, 1993 indicated that a light-duty position was awarded to claimant in Rochester effective August 29, 1993. The record makes clear, however, that claimant did not refuse to report to work in Roanoke in reliance on this letter for, as claimant himself admitted, he was not even aware of its existence until over one year later.