■ In the Matter of the Claim of STEPHANIE KORCZYK, Appellant, v CITY OF ALBANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [695 NYS2d 429] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed August 27, 1997, which ruled that claimant voluntarily withdrew from the labor market and denied her claim for workers' compensation benefits.

Claimant, a mechanic's helper, sustained a work-related back injury in May 1992. The employer voluntarily paid workers' compensation benefits until May 1993, when it sought to suspend further payment based upon claimant's voluntary withdrawal from the labor market. After some initial proceedings, the Workers' Compensation Board ordered full development of the record and thereafter ruled that claimant's refusal of the employer's offer of light-duty work constituted a voluntary withdrawal from the labor market. Claimant appeals.

The question of whether a claimant's failure to accept a light-duty assignment constitutes a voluntary withdrawal from the labor market is for the Board to resolve (*see, Matter of Serwetnyk v USAir*, 249 AD2d 631, 632). Claimant testified that upon receipt of the employer's offer of a light-duty assignment, which is contained in a letter dated April 16, 1993, she discussed it with her treating chiropractor, P. J. Leonard, who advised her that she was incapable of working the eight-hour day required by the assignment. By letter dated April 19, 1993, claimant advised the employer that she would return to work as soon as Leonard released her to do so. She conceded in her testimony that she did not thereafter ask Leonard whether she could return to work until December 1993, when she took a part-time job with another employer while she attended college. Leonard testified that claimant was able to return to work to some degree of duty in February 1993. His notes did not reflect, and he did not recollect, any discussion with claimant about an offer of a light-duty assignment in April 1993.

The Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record (*see, Matter of Hercules v United Artists Communications*, 176 AD2d 998, 999). Leonard's testimony tended to discredit claimant's testimony that Leonard told her she was not able to perform the light-duty assignment offered to her in April 1993, creating a credibility issue for the Board (*see, Matter of Oken v Stanmorer Liq. Co.*, 251 AD2d 719). It was reasonable for the Board to infer from Leonard's testimony that claimant did not discuss the employer's light-duty offer with him which, when considered with the other evidence in the record, including Leonard's testimony that claimant was capable of some type of modified work assignment as early as February 1993, provides substantial evidence to support the Board's finding that claimant's refusal of the offer of light-duty work in April 1993 constituted a voluntary withdrawal from the labor market (*compare, Matter of Willis v Auxiliary Serv. Corp.*, 256 AD2d 803, *with Matter of Knouse v Millshoe*, 260 AD2d 948).

Claimant relies on *Matter of Meisner v United Parcel Serv.* (243 AD2d 128, *lv dismissed* 93 NY2d 848) in support of her claim that she is entitled to an award based upon reduced earnings from the part-time employment she obtained in December 1993. In contrast to the *Meisner* case (*supra*), however, the Board found that claimant herein voluntarily withdrew from the labor market by refusing a light-duty assignment some eight months before she took the part-time job, a finding which is supported by substantial evidence and, therefore, cannot be disturbed (*see, Matter of Okonski v Pollio Dairy Prods. Corp.*, 184 AD2d 871).

Yesawich Jr., Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.