■ In the Matter of the Claim of KAREN HATTER, Appellant, v NEW VENTURE GEAR et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [759 NYS2d 573] —Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 30, 2001, which ruled that claimant had voluntarily withdrawn from the labor market.

Claimant, an apprentice tinsmith, sustained two work-related injuries to her back in 1996 and 1999, and thereafter sought and received workers' compensation benefits. In March 2001, the employer's workers' compensation carrier sought to suspend payments based upon an independent medical examination indicating that claimant was capable of performing a light-duty assignment and claimant's subsequent failure to

report to the employer for a new assignment consistent with her limitations. Following a hearing, a Workers' Compensation Law Judge concluded that claimant had not voluntarily withdrawn from the labor market and continued the previous awards. The Workers' Compensation Board disagreed, finding that claimant had voluntarily withdrawn from the labor market effective April 10, 2001 and rescinded all awards made after that date. This appeal by claimant ensued.

There must be a reversal. To be sure, the question of whether a claimant's failure to accept a light-duty assignment constitutes a voluntary withdrawal from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence, its decision in this regard will not be disturbed (*see Matter of Peluso v Fairview Fire Dist.,* 269 AD2d 623 [2000]). A review of the pertinent case law reveals, however, that this rule presupposes that the employer actually offers the claimant a light-duty position that, upon review, is consistent with his or her medical limitations (*see Matter of Korczyk v City of Albany,* 264 AD2d 908 [1999]; *Matter of Konz v Universal Joint Sales,* 262 AD2d 819 [1999]; *Matter of Willis v Auxiliary Servs. Corp.,* 256 AD2d 803 [1998]; *Matter of Serwetnyk v USAir, Inc.,* 249 AD2d 631 [1998]; *Matter of Muzio v City of Albany,* 151 AD2d 883 [1989]; *see also Matter of Turner v Erie County Med. Ctr.,* 250 AD2d 1020 [1998]).

Daniel Carr, the physician who performed the independent medical examination of claimant, opined that claimant "could only work in an extremely limited job that involved her to change positions frequently from sitting to standing and had a lifting restriction of 5 pounds on a frequent basis, 10 pounds on an occasional basis." Based upon Carr's conclusions, the employer sent claimant a letter in March 2001 instructing her to report for "reinstatement to work per * * * Carr's restrictions." The author of that letter candidly testified, however, that he had no idea whether the employer actually had a light-duty position available for claimant. In this regard, although one of the employer's representatives testified that the employer had a light-duty program and would have offered claimant a light-duty assignment had she reported as instructed, he too was unable to specify which position claimant would have been offered and/or the duties such position would have entailed.

While the Board faults claimant for failing to report for a "potential" light-duty assignment, we are of the view that the employer's failure to actually offer claimant a light-duty position, the duties of which were consistent with the medical lim-

itations imposed upon her, precludes a finding that claimant voluntarily withdrew from the labor market. In short, claimant cannot be denied benefits based upon her failure to accept a nonexistent position. As the Board's decision in this regard is not supported by substantial evidence, it must be reversed.

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.