■ In the Matter of the Claim of WILLIAM BENTVENA, Respondent, v CITY & SUBURBAN et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [868 NYS2d 395]—

Malone Jr., J.

Claimant sustained a work-related injury in July 2003. Thereafter, the employer and its workers' compensation carrier raised an issue as to whether claimant voluntarily withdrew from the labor market by refusing the offer of a light-duty work assignment. Following several hearings and the deposition testimony of five doctors, a Workers' Compensation Law Judge determined that claimant voluntarily withdrew from the labor market. Upon review, the Workers' Compensation Board reversed, prompting this appeal by the employer and the carrier.

"[W]hether a claimant's failure to accept a light-duty assignment constitutes a voluntary withdrawal from the labor market is a factual issue for the Board to resolve and, if supported by substantial evidence, its decision in this regard will not be disturbed" (*Matter of Hatter v New Venture Gear*, 305 AD2d 757, 758 [2003]; *see Matter of Bacci v Staten Is. Univ. Hosp.*, 32 AD3d 582, 583 [2006]). Likewise, it is within the Board's discretion to determine witness credibility and resolve conflicting medical opinions (*see Matter of Dimitriadis v One Source*, 53

AD3d 704, 705 [2008]; *Matter of Guifarro v Zalman, Reiss & Assoc.*, 52 AD3d 1126, 1127-1128 [2008]; *Matter of Bacci v Staten Is. Univ. Hosp.*, 32 AD3d at 583). Here, claimant's treating chiropractor wrote a letter in March 2004 indicating that claimant could return to work part time with certain restrictions, including no standing for more than five hours and no sitting for more than five hours, not to exceed 25 hours per week. Claimant testified that he informed the employer that the intent of the letter was to limit him to working five hours per day, and claimant's chiropractor confirmed this interpretation in his deposition testimony. Therefore, we find that the employer's insistence that claimant work three eight-hour days was not consistent with claimant's medical limitations and, therefore, the Board's determination that claimant's refusal of the light-duty assignment did not constitute voluntary withdrawal from the labor market was supported by substantial evidence (*see Matter of Hatter v New Venture Gear*, 305 AD2d at 758-759).

Cardona, P.J., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.