State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  January 29, 2015            518560
_____

In the Matter of the Claim of
    JAMES TANGORRE,
                    Appellant,

        v
                                       MEMORANDUM AND ORDER

TECH HOME ELECTRIC, LLC, et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  December 16, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Buckley, Mendleson, Criscione & Quinn, Albany (Rebeccah W.
Kane of counsel), for appellant.

        Stockton, Barker & Mead, LLP, Troy (Sarah Merritt of
counsel), for Tech Home Electric, LLC and another, respondents.

_____

McCarthy, J.

        Appeal from a decision of the Workers' Compensation Board,
filed May 16, 2013, which ruled that claimant violated Workers'
Compensation Law § 114-a and permanently disqualified him from
receiving future wage replacement benefits.

        In 2010, claimant suffered work-related injuries to his
neck, left shoulder and left arm and was awarded workers'
compensation benefits.  In June 2012, the employer and its
workers' compensation carrier (hereinafter collectively referred
to as the carrier) raised the issue of labor market attachment.

Thereafter, claimant faxed payment invoices to his former attorney that reflected that he had been working part time since February 2012.[1]  The attorney forwarded the invoices to the Workers' Compensation Board.  The carrier then raised the issue of whether claimant had violated Workers' Compensation Law § 114-a based upon misrepresentations regarding work activity while collecting benefits.  At a subsequent hearing, claimant testified that he had informed his former attorney of the part-time work in February 2012, at the time he started the job, and that he believed that the attorney would have informed the carrier.  The Workers' Compensation Law Judge found, despite having "serious reservations concerning the credibility of the claimant's testimony," that there was insufficient evidence of a violation of Workers' Compensation Law § 114-a.  Upon review, the Board reversed, ruling that claimant knowingly made misrepresentations in violation of Workers' Compensation Law § 114-a by falsely testifying that he reported his return to work to his attorney in February 2012, and determined that, based on both mandatory and discretionary disqualifications, claimant forfeited all benefits received after September 29, 2012.  Claimant now appeals.

We affirm.  "The Board is the sole arbiter of witness credibility and its determination that claimant violated Workers' Compensation Law § 114-a will be upheld if supported by substantial evidence" (Matter of Hammes v Sunrise Psychiatric Clinic, Inc., 66 AD3d 1252, 1252 [2009] [citations omitted]; see Matter of Borgal v Rochester-Genesee Regional Transp. Auth., 108 AD3d 914, 915 [2013]).  Here, although claimant testified that he informed his attorney in February 2012 of his return to work, the Board found that this testimony was not credible, based upon its determination that the letter sent by claimant to his attorney in June 2012 accompanying the payment invoices constituted the first time that claimant had reported that he had returned to work.  In the letter, claimant described the job to his attorney, including where he was working, when he started, the hours he was working and the rate of pay.  In the letter, claimant also asked his attorney whether claimant should forward the invoices to anyone else.  In light of the Board's broad authority to resolve issues

---

[1]  Claimant hired new counsel in July 2012.

of credibility and draw reasonable inferences from the record evidence (see Matter of Rolleri v Mastic Beach Ambulance Co., Inc., 106 AD3d 1292, 1293 [2013], lv denied 21 NY3d 865 [2013]; Matter of Caballero v Fabco Enters., 77 AD3d 1028, 1029 [2010], lv dismissed 16 NY3d 780 [2011]), we conclude that the Board's decision is supported by substantial evidence.

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court