■ In the Matter of the Claim of Rafael Villalobos, Appellant, v RNC Industries LLC et al., Respondents. Workers' Compensation Board, Respondent. [56 NYS3d 372]—

McCarthy, J.P. Appeal from a decision of the Workers' Compensation Board, filed February 8, 2016, which ruled, among other things, that claimant sustained a 40% loss of wage-earning capacity.

In 2012, claimant, a laborer, fell from a ladder and sustained a compensable work-related injury to his head, neck and back. Claimant returned to work only briefly. Thereafter, a permanency hearing was held, at which the issue of attachment to the labor market was raised. In a decision filed February 12, 2015, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled, among other things, that claimant waived his right to produce a permanency report and that claimant, in accordance with the permanency report of the independent medical examiner (hereinafter IME), suffered a class 2, severity A impairment of the lumbar spine. The WCLJ also found that claimant was not attached to the labor market, but continued the case for further testimony regarding vocational training and reattachment to the labor market given claimant's upcoming appointments with Workforce One of New York. Following a subsequent hearing to determine claimant's loss of wage-earning capacity, the WCLJ found that claimant was capable of light-duty work, that he had a loss of wage-earning capacity of 73.5% and, based on his testimony regarding a job search, had reattached to the labor market. The Workers' Compensation Board reversed the WCLJ's decision inasmuch as it found that claimant was attached to the labor market and reduced his loss of wage-earning capacity to 40%. Claimant appeals.*

Claimant contends that the Board's finding that he was not attached to the labor market is not supported by substantial evidence. We disagree. "A claimant must demonstrate attachment to the labor market with evidence of a search for employment consistent with his or her medical restrictions" (*Matter of Hughes v Coghlin Elec. Contr.*, 147 AD3d 1168, 1168-1169 [2017] [internal quotation marks and citations omitted]). Whether a claimant is attached to the labor market "is a factual issue for the Board to resolve and its determination in this regard will be upheld if supported by substantial evidence" (*Matter of Pravato v Town of Huntington*, 144 AD3d 1354, 1356 [2016]; *see Matter of Cruz v Buffalo Bd. of Educ.*, 138 AD3d 1316, 1318 [2016]). In rendering such a determination, "the Board is vested with the discretion to evaluate witness credibility and to weigh conflicting evidence" (*Matter of Cruz v Buffalo Bd. of Educ.*, 138 AD3d at 1318 [internal quotation marks and citation omitted]; *see Matter of Tangorre v Tech Home Elec., LLC*, 124 AD3d 1183, 1184 [2015]).

---

* The document attached to claimant's brief was not submitted to the Board and is not part of the record on appeal. Therefore, it and any assertions raised by claimant in connection thereto will not be considered by this Court (*see e.g. Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 132-133 [1975]).

Here, the Board found claimant's testimony regarding his search for employment to be inconsistent, contradictory and not credible. Specifically, claimant initially testified that he went to Workforce One but did not return after they told him that they had not work for him. At the next hearing, claimant testified that, when he returned to Workforce One, they were able to assist him in setting up appointments for various vocational rehabilitation center programs. Claimant did not keep any of those appointments but, instead, returned to Puerto Rico. Furthermore, to the extent that claimant testified that he independently, albeit unsuccessfully, sought work while in Puerto Rico, he did not present any documentation reflecting such activities. In view of the foregoing, and according deference to the Board's resolution of claimant's credibility, we find that the Board's determination finding that claimant was not attached to the labor market is supported by substantial evidence, and it will not be disturbed (*compare Matter of Winters v Advance Auto Parts*, 119 AD3d 1041, 1043 [2014]).

We are also unpersuaded by claimant's contention that the Board's determination to reduce claimant's loss of wage-earning capacity is not supported by substantial evidence and is inconsistent with his work restrictions. In situations where, as here, a claimant sustains a permanent partial disability that is not amenable to a schedule award, the Board must determine the claimant's loss of wage-earning capacity in order to fix the duration of benefits (*see* Workers' Compensation Law § 15 [3] [w]; *Matter of Smith v New York City Hous. Auth.*, 147 AD3d 1184, 1185 [2017]). "In determining a claimant's loss of wage-earning capacity, the Board must consider several factors, including the nature and degree of the work-related permanent impairment and the claimant's functional capabilities, as well as vocational issues—including the claimant's education, training, skills, age and proficiency in the English language" (*Matter of Burgos v Citywide Cent. Ins. Program*, 148 AD3d 1493, 1495 [2017]; *see Matter of Pravato v Town of Huntington*, 144 AD3d at 1355).

Initially we note that any challenge to the classification and severity rating of medical impairment of the lumbar spine—determined to be at a level 2A pursuant to the applicable guidelines—is precluded as claimant failed to appeal from the February 12, 2015 WCLJ decision that determined the severity and ranking of claimant's permanent partial disability. Claimant's assertion that he was only able to perform light-duty work is belied by the record. The IME report specifically opined that, although claimant was incapable of continuing his

employment as a laborer, claimant was capable of medium work within certain limitations, including that claimant could not lift items in excess of 35 pounds. The Board also properly considered claimant's functional abilities, as well as his age, work history, educational status, proficiency in the English language and his ability to be retrained. Deferring to the Board's credibility assessments, we find that substantial evidence supports its determination that claimant sustained a 40% loss of wage-earning capacity (*see Matter of Smith v New York City Hous. Auth.*, 147 AD3d at 1186).

Egan Jr., Lynch, Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.