Matter of Varrone v Coastal Envt. Group (2018 NY Slip Op 07814)





Matter of Varrone v Coastal Envt. Group


2018 NY Slip Op 07814


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

526411

[*1]In the Matter of the Claim of JOSEPH VARRONE, Appellant,
v
COASTAL ENVIRONMENT GROUP et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: October 18, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


John F. Clennan, Ronkonkoma, for appellant.
Weiss, Wexler & Wornow, PC, New York City (Andrea Catalano of counsel), for Coastal Environment Group and another, respondents.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed June 7, 2017, which ruled, among other things, that claimant sustained a 15% loss of wage-earning capacity.
In 2013, claimant, a then 47-year-old construction project manager, filed a claim for workers' compensation benefits based upon work-related repetitive use, and his case was established for injuries to his neck, right shoulder and both wrists. A Workers' Compensation Law Judge classified claimant with a permanent partial disability and a 50% loss of wage-earning capacity. Upon review, the Workers' Compensation Board modified that decision, reducing claimant's loss of wage-earning capacity to 15%. Claimant appeals.
We affirm. "In situations where, as here, a claimant sustains a permanent partial disability that is not amenable to a schedule award, the Board must determine the claimant's loss of wage-earning capacity in order to fix the duration of benefits" (Matter of Villalobos v RNC Indus. LLC, 151 AD3d 1156, 1158 [2017] [citation omitted]; see Workers' Compensation Law § 15 [3] [w]). "In determining a claimant's loss of wage-earning capacity, the Board must consider several factors, including the nature and degree of work-related permanent impairment and the claimant's functional capabilities, as well as vocational issues — including the claimant's education, training, skills, age and proficiency in the English language" (Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d 1493, 1495 [2017] [citation omitted], affd 30 NY3d 990 [2017]; see Matter of Villalobos v RNC Indus. LLC, 151 AD3d at 1158; New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity at § 9.2, at 44-46 [2012]).
Here, the Board credited the opinion of the employer's independent medical examiner, who opined that claimant suffers from a non-surgical permanency cervical impairment with an "F" severity ranking pursuant to Table 11.1 of the New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity (2012). Regarding claimant's functional capabilities, claimant testified that he is currently working as a construction project manager, the same position he held prior to the injury, albeit for a different employer. According to claimant, he is able to perform all the duties of the position that he could before he was injured, although typing reports and other computer work take a little longer. Claimant's treating physician rated claimant as being able to perform "medium" work, which is defined as being able to exert "20 to 50 pounds of force occasionally, and/or 10 to 25 pounds of force frequently, and/or greater than negligible up to 10 pounds of force constantly to move objects" (New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 9.2, at 45 [2012]). Further, the Board also considered claimant's age, the fact that the position of construction project manager is the only position he has held in over 30 years of employment, the various certifications he has earned on the job, his high school education and his ability to use a computer and to read, write and speak English. In light of the foregoing, we conclude that substantial evidence supports the Board's decision that claimant sustained a 15% loss of wage-earning capacity (see Matter of Lesane v City of New York Police Dept., 153 AD3d 1112, 1113 [2017]; Matter of Villalobos v RNC Indus. LLC, 151 AD3d at 1158-1159; Matter of Drake v SRC, Inc., 148 AD3d 1412, 1413-1414 [2017]).
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
0RDERED that the decision is affirmed, without costs.