Matter of Canela (Sky Chefs, Inc.) (2021 NY Slip Op 02208)





Matter of Canela (Sky Chefs, Inc.)


2021 NY Slip Op 02208


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

531018
[*1]In the Matter of the Claim of Rolando Canela, Claimant,
Sky Chefs, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:March 16, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

LOIS LLC, New York City (Addison O'Donnell of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed August 5, 2019, which ruled, among other things, that claimant demonstrated an attachment to the labor market.
Claimant, a caterer, sustained a work-related injury to his back in May 2018. He was thereafter awarded workers' compensation benefits at a temporary partial disability rate, at which point the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised the issue of labor market attachment. A Workers' Compensation Law Judge subsequently determined that claimant had voluntarily withdrawn from the labor market and withheld further benefits, finding that claimant had refused the employer's offer of light-duty work and that his independent job search was inadequate. Upon review, the Workers' Compensation Board disagreed and rescinded those findings. The carrier appeals, and we affirm.
"Whether claimant's failure to accept a light-duty assignment constituted a voluntary withdrawal from the labor market presented a factual issue for the Board, the resolution of which will be upheld if supported by substantial evidence" (Matter of Browne v Medford Multicare, 89 AD3d 1173, 1174 [2011] [citations omitted]; accord Matter of Jesco v Norampac Mfg. Co., 123 AD3d 1360, 1361 [2014]). The employer wrote a December 2019 letter to claimant after he was cleared for light-duty work, vaguely assuring that it provided a "safe work environment" for its employees and warning that his job would be in jeopardy if he failed to reach out to obtain a new work schedule. Notably absent from the letter, however, is any indication that the employer had a specific position ready for claimant that was within his medical limitations. In the absence of any other proof on that point, substantial evidence in the record supports the Board's determination that claimant did not reject an actual offer of suitable work (see Matter of Bentvena v City & Suburban, 57 AD3d 1028, 1029 [2008]; Matter of Smith v Waterview Nursing Home, 13 AD3d 744, 745 [2004]; Matter of Hatter v New Venture Gear, 305 AD2d 757, 758 [2003]).
Finally, notwithstanding proof that could support a contrary conclusion, substantial evidence in the record also supports the Board's determination that claimant "engaged in an independent job search within his medical restrictions, thereby demonstrating attachment to the labor market" (Matter of Cole v Consolidated Edison Co. of N.Y., 125 AD3d 1084, 1085 [2015]; see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191-193 [2012]). The Board appropriately found that claimant had submitted proof of "a timely, diligent and persistent job search" after he was determined to have a temporary partial disability, namely, about two dozen online applications for jobs that he was mostly qualified to perform and that were not obviously incompatible with his physical restrictions (Matter of Palmer v Champlain Val. Specialty, 149 AD3d 1342, 1342[*2][2017]).
To the extent not addressed above, the carrier's remaining arguments have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.