Matter of Ehrman ( Center for Discovery) (2021 NY Slip Op 03228)





Matter of Ehrman ( Center for Discovery)


2021 NY Slip Op 03228


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

530586
[*1]In the Matter of the Claim of Martha Greenberg Ehrman, Appellant. The Center for Discovery et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:April 29, 2021

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Mark Lewis Schulman, Monticello, for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany (William Hartman of counsel), for The Center for Discovery and another, respondents.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed May 30, 2019, which ruled, among other things, that claimant sustained a 50% loss of wage-earning capacity.
Claimant, in her capacity as the director of the employer's equine-assisted therapy program, sustained a work-related injury to her left knee in August 2008, and her resulting claim for workers' compensation benefits subsequently was amended to include consequential injuries to her lumbar spine, right hip and right knee. At the request of the employer's workers' compensation carrier, claimant underwent an independent medical examination in November 2018, by which time she had been working as an advocate for families and children with disabilities for approximately seven years. The carrier's examiner found, among other things, that claimant had reached maximum medical improvement and had sustained a permanent impairment to her lumbar spine with a class 2, severity A ranking. The carrier's examiner further recommended that claimant avoid lifting more than 20 pounds on a frequent basis and otherwise refrain from "labor-intensive type[s] of work or activity."
Claimant accepted the findings of the carrier's examiner as to permanency and, following a brief hearing, a Workers' Compensation Law Judge found, as relevant here, that claimant was "capable of performing work involving medium work physical demands" and that she had sustained a 50% loss of wage-earning capacity. Upon claimant's administrative appeal, the Workers' Compensation Board modified that decision to the extent of finding that claimant had a wage-earning capacity of 50% and otherwise affirmed. This appeal ensued.
We affirm. "Where, as here, a claimant sustains a permanent partial disability that is not amenable to a schedule award, the Board must determine the claimant's loss of wage-earning capacity in order to fix the duration of benefits" (Matter of Rapaglia v New York City Tr. Auth., 179 AD3d 1257, 1257-1258 [2020] [internal quotation marks, brackets and citations omitted]; accord Matter of Castano v Westchester Community Coll., 179 AD3d 1263, 1264 [2020], lv denied 35 NY3d 906 [2020]; see Matter of Villalobos v RNC Indus. LLC, 151 AD3d 1156, 1158 [2017]). To that end, "the Board must consider several factors, including the nature and degree of the work-related permanent impairment and the claimant's functional capabilities, as well as vocational issues — including the claimant's education, training, skills, age and proficiency in the English language" (Matter of Varrone v Coastal Envt. Group, 166 AD3d 1269, 1270 [2018] [internal quotation marks and citations omitted], lv denied 32 NY3d 917 [2019]; see Matter of Rapaglia v New York City Tr. Auth., 179 AD3d at 1258; Matter of Saintval v AMN Healthcare, 165 AD3d 1364, 1366 [2018]). The first two inputs are medical in nature, whereas the third involves consideration of the various vocational factors (see Matter of Rapaglia v New York City Tr. Auth., 179 [*2]AD3d at 1258; Matter of Saintval v AMN Healthcare, 165 AD3d at 1366). We grant deference to the Board's evaluation of the medical evidence, as well as its resolution of credibility issues, and its resulting determinations — if supported by substantial evidence — will not be disturbed (see Matter of Dunleavy v Federated Fire Protection [Turner Constr.], 192 AD3d 1303, 1307 [2021]).
There is no dispute as to the permanency, classification and/or severity of claimant's impairment to her lumbar spine and, to the extent that claimant's challenge to the Board's finding that she is capable of performing "medium work" is properly before us, we are satisfied that the Board's conclusion in this regard is supported by substantial evidence (see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 9.2 at 45 [2012]). Similarly, despite claimant's testimony that she has "enormous difficulties driving," the record reflects that she drove herself to the hearing.
With respect to the relevant vocational factors, although claimant takes issue with the weight that the Board assigned to each of the aggravating or mitigating factors that it identified, it is not the role of this Court to second-guess the Board's assessment of the evidence before it (see generally Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d 1493, 1496 [2017], affd 30 NY3d 990 [2017]). In this regard, even assuming, arguendo, that claimant's specialized certifications are of limited value given that she cannot return to her former employment as a therapeutic riding instructor and equine specialist in mental health, and taking into account that claimant was almost 68 years old at the time of the hearing, the fact remains that claimant has a college degree, is proficient in the English language and has been employed on a full-time basis as an advocate for families and children with disabilities for a number of years. Granting deference to the Board's evaluation of the relevant evidence (see Matter of Castano v Westchester Community Coll., 172 AD3d at 1265), substantial evidence supports its finding that claimant sustained a 50% loss of wage-earning capacity. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.