Matter of Sanchez v Baldor Specialty Foods Inc. (2024 NY Slip Op 05619)

Matter of Sanchez v Baldor Specialty Foods Inc.

2024 NY Slip Op 05619

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CV-23-1870
[*1]In the Matter of the Claim of Daysi Sanchez, Appellant,
v
Baldor Specialty Foods Inc. et al., Respondents. Workers' Compensation Board, Respondents.

Calendar Date:October 7, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and McShan, JJ.

Law Offices of Michael D. Uysal, PLLC, New York City (Michael D. Uysal of counsel), for appellant.
Lois Law Firm LLC, New York City (Addison O'Donnell of counsel), for Baldor Specialty Foods Inc. and another, respondents.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed March 30, 2023, which ruled, among other things, that claimant failed to demonstrate attachment to the labor market and suspended awards of workers' compensation benefits.
Claimant, a factory worker, established a workers' compensation claim for work-related injuries to the left knee, low back and consequential depression, and was awarded benefits for temporary partial disability at various tentative rates. Proceedings ensued and, following a hearing, claimant was directed to provide evidence of labor market attachment. Based upon claimant's subsequent submissions and later hearing testimony, a Workers' Compensation Law Judge found that claimant failed to demonstrate sufficient labor market attachment and suspended the awards. Upon administrative appeal, the Workers' Compensation Board, among other things, affirmed the determination as to labor market attachment. Claimant appeals.
Initially, contrary to claimant's argument that the issue of labor market attachment was prematurely addressed, "[i]mplicit in the Board's . . . finding of [a] temporary partial disability is the requirement that [the] claimant provide evidence of his [or her] attachment to the labor market" (Matter of DeWald v Fiorella's Landscaping, 194 AD3d 1327, 1328 [3d Dept 2021] [internal quotation marks and citation omitted]; see Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1206 n [3d Dept 2022]). As such, "[g]iven claimant's temporary partial degree of disability, it was entirely proper for the Board to consider whether claimant remained attached to the labor market" (Matter of Vukotic v Prince Food Corp., 224 AD3d 1035, 1036 [3d Dept 2024] [internal quotation marks and citation omitted], lv denied 42 NY3d 902 [2024]).
Whether a claimant has met his or her burden to demonstrate an attachment to the labor market is a factual issue for the Board to resolve, and its decision in this regard will be upheld if supported by substantial evidence in the record as a whole (see Matter of Winkelman v Sumitomo Rubber USA, 228 AD3d 1153, 1156-1157 [3d Dept 2024]; Matter of Canela v Sky Chefs, Inc., 193 AD3d 1216, 1216-1217 [3d Dept 2021]). Pertinent here, "[t]he Board has found that a claimant remains attached to the labor market . . . where there is credible documentary evidence that he or she is actively seeking work within his or her medical restrictions through a timely, diligent and persistent independent job search" (Matter of Joseph v Historic Hudson Val. Inc., 202 AD3d 1243, 1244 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Rosario v AIG, 96 AD3d 1111, 1112 [3d Dept 2012]). The record here reflects that claimant submitted numerous employment applications during the relevant time period, however, she acknowledged during her hearing testimony that many of the positions that she applied for required work outside of her medical restrictions. Accordingly, notwithstanding proof that could [*2]support a contrary conclusion, substantial evidence supports the Board's finding that claimant failed to demonstrate labor market attachment through "an independent job search within [her] medical restrictions" (Matter of Cole v Consolidated Edison Co. of N.Y., Inc., 125 AD3d 1084, 1085 [3d Dept 2015]; see Matter of Vukotic v Prince Food Corp., 224 AD3d at 1036-1037; compare Matter of Canela v Sky Chefs, Inc., 193 AD3d at 1217).
Finally, "[w]hether a claimant has voluntarily withdrawn from the labor market by failing to accept a light-duty assignment is a factual determination to be made by the Board, which will not be disturbed if supported by substantial evidence" (Matter of North v New Venture Gear, 56 AD3d 931, 931 [3d Dept 2008]; see Matter of Jesco v Norampac Mfg. Co., 123 AD3d 1360, 1361 [3d Dept 2014]). The employer provided claimant with a written offer for light-duty work. Despite the fact that the record indicates that the position offered would ordinarily include certain tasks outside of claimant's limitations, the offer that she was provided expressly took into consideration her medical restrictions. Significantly, claimant testified that, even if within her medical restrictions, she would not accept an offer of light-duty work because of persistent pain. Substantial evidence thus supports the Board's determination that claimant voluntarily withdrew from the labor market by failing to accept a light-duty assignment within her medical restrictions (see Matter of Browne v Medford Multicare, 89 AD3d 1173, 1174 [3d Dept 2011]; Matter of North v New Venture Gear, 56 AD3d at 931; Matter of Soop v Borg Warner Automotive, 21 AD3d 668, 669 [3d Dept 2005]; Matter of Barbuto v Albany County Sheriff's Dept., 303 AD2d 798, 799 [3d Dept 2003]; compare Matter of Canela v Sky Chefs, Inc., 193 AD3d at 1216-1217).
Egan Jr., J.P., Aarons, Pritzker and Lynch, JJ., concur.
ORDERED that the decision is affirmed, without costs.