Matter of Jover v Alba Demolition (2025 NY Slip Op 05996)

Matter of Jover v Alba Demolition

2025 NY Slip Op 05996

Decided on October 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 30, 2025

CV-23-1881
[*1]In the Matter of the Claim of Carlos Jover, Appellant,
v
Alba Demolition et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 9, 2025

Before:Garry, P.J., Aarons, Fisher, McShan and Mackey, JJ.

Law Offices of Michael D. Uysal, PLLC, New York City (Michael D. Uysal of counsel), for appellant.
David F. Wertheim, State Insurance Fund, Albany (Scott B. Anglehart of counsel), for Alba Demolition and another, respondents.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed August 10, 2023, which ruled that claimant was not entitled to permanent partial disability benefits because he failed to demonstrate attachment to the labor market.
In August 2015, claimant sustained injuries in a work-related accident, and his subsequent claim for workers' compensation benefits was established for work-related injuries involving the neck, back, right shoulder and right wrist. In September 2018, claimant was classified as having a permanent partial disability with a 75% loss of wage-earning capacity, and the case was continued to address claimant's labor market attachment. No awards were made, however, pending additional evidence on whether claimant was attached to the labor market. Claimant thereafter filed a VDF-1S form (Loss of Wage Earning Capacity Vocational Data Form), and, following a subsequent October 2018 hearing to address claimant's attempts to attach to the labor market, the Workers' Compensation Board ultimately determined, in a February 2019 panel decision, that claimant produced insufficient evidence of a search for employment within his restrictions to consider him attached to the labor market. No appeal was taken from that decision.
Claimant continued to receive medical treatment, and, in June 2019, he underwent a spinal fusion surgery and was thereafter restricted to lifting up to 10 pounds occasionally with limitations on sitting, standing and walking. From November 2022 to March 2023, claimant searched for employment and submitted a series of C-258.1 forms (Claimant's Record of Independent Job Search Efforts) as evidence of his independent job search efforts and attachment to the labor market. Following a March 2023 hearing to address his attachment to the labor market, a Workers' Compensation Law Judge found that claimant had failed to make such a showing. Upon administrative appeal, the Board affirmed, finding that claimant failed to demonstrate labor market attachment during the period at issue because many or all of the jobs that he applied for required specialized qualifications and education that he did not possess and/or required proficiency in the English language, which claimant also did not possess. Claimant appeals, and we affirm.
Whether a claimant has met his or her burden to demonstrate an attachment to the labor market is a factual issue for the Board to resolve, and its decision in this regard will be upheld if supported by substantial evidence in the record as a whole (see Matter of Winkelman v Sumitomo Rubber USA, 228 AD3d 1153, 1156-1157 [3d Dept 2024]; Matter of Canela v Sky Chefs, Inc., 193 AD3d 1216, 1216-1217 [3d Dept 2021]). "It is incumbent upon a claimant to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions" (Matter of Joseph v Historic Hudson Val. Inc., 202 AD3d 1243, 1244 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Palmer [*2]v Champlain Val. Specialty, 149 AD3d 1342, 1342 [3d Dept 2017]; Matter of Watts v Arnot Ogden Med. Ctr., 132 AD3d 1024, 1025 [3d Dept 2015]). "By finding alternative work consistent with his or her physical limitations, or at least showing reasonable efforts at finding such work, the claimant can prove to the Board that the cause of his or her reduced income is a disability, rather than unwillingness to work again" (Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191 [2012]). "The Board has found that a claimant remains attached to the labor market when he or she is actively participating in a job location service, a job retraining program or a Board-approved rehabilitation program, or where there is credible documentary evidence that he or she is actively seeking work within his or her medical restrictions through a timely, diligent and persistent independent job search" (Matter of Ostrzycki v Air Tech Lab, Inc., 174 AD3d 1255, 1256 [3d Dept 2019] [internal quotation marks and citations omitted]; accord Matter of Joseph v Historic Hudson Val. Inc., 202 AD3d at 1244; see also Employer: American Axle, 2010 WL 438153, *4-5, 2010 NY Wrk Comp LEXIS 2560, *12 [WCB No. 8030 3659, Feb. 4, 2010]). "In rendering such a determination, the Board is vested with the discretion to evaluate witness credibility and to weigh conflicting evidence" (Matter of Villalobos v RNC Indus. LLC, 151 AD3d 1156, 1157 [3d Dept 2017] [internal quotation marks and citations omitted]).
On his VDF-1S form, claimant indicated that he had previous work experience in construction, cooking, dish washing and deliveries. Claimant also stated at the hearing, through a translator, that he did not read or speak English. The record reflects that claimant had not participated in any job location services, retraining programs or rehabilitation programs to obtain employment, nor had he attempted to develop his language or computer skills. As for his independent job search efforts, although claimant submitted evidence of having applied for numerous positions — many of which fell within his physical limitations — most, if not all, of the positions that he had applied for appear to have required some degree of proficiency in the English language, which claimant did not possess. In addition, a number of positions that claimant applied for — including, for example, the positions of optometrist, paralegal, social worker and Bengali-speaking marketing specialist — required additional specialized qualifications and education that claimant did not possess. Claimant also testified that the employers who responded to his applications stated that he needed more experience and/or English proficiency. In light of the foregoing, we conclude that substantial evidence supports the Board's determination that claimant did not demonstrate active participation with a job location service or that he was engaged in a diligent and persistent independent job search within his restrictions (see Matter of Kalembka [*3]v Slomins, Inc., 174 AD3d 1250, 1251-1252 [3d Dept 2019]; Matter of Pravato v Town of Huntington, 144 AD3d 1354, 1356-1357 [3d Dept 2016]; compare Matter of Lapan v Trade Winds Envtl., 232 AD3d 1169, 1170-1171 [3d Dept 2024]; Matter of Canela v Sky Chefs, Inc., 193 AD3d at 1217; Matter of Policarpio v Rally Restoration Corp., 189 AD3d 1796, 1799-1800 [3d Dept 2020]). Accordingly, the Board's decision that claimant is not attached to the labor market is supported by substantial evidence and will not be disturbed. To the extent that claimant's remaining arguments are properly before us, they have been considered and found to be without merit.
Aarons, Fisher, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.