Matter of Quinzo v Millenium Servs. LLC (2025 NY Slip Op 06374)

Matter of Quinzo v Millenium Servs. LLC

2025 NY Slip Op 06374

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CV-24-1161
[*1]In the Matter of the Claim of Segundo Quinzo, Respondent,
v
Millenium Services LLC, et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:October 8, 2025

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

The Law Offices of Melissa A. Day, PLLC, Amherst (Brian K. Prince of counsel), for appellants.
Robert A. Cardali & Associates, LLP, New York City (Scott T. Horn of Horn Appellate Group, Brooklyn, of counsel), for Segundo Quinzo, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed May 28, 2024, which ruled, among other things, that claimant demonstrated an attachment to the labor market as of a certain date.
In March 2020, claimant was injured at work when a heavy piece of steel struck him, and his subsequent claim for workers' compensation benefits was established for work-related injuries involving the neck and left shoulder. In an October 2022 reserved decision, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had a marked (75%) temporary partial disability and awarded temporary indemnity benefits from April 2022 to October 2022 at a continuing temporary partial disability rate. In December 2022, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed a request for further action (RFA-2 form) requesting that claimant be directed to produce evidence of his labor market attachment, and a WCLJ so directed. Claimant thereafter filed evidence of his labor market attachment efforts, and, following a May 2023 hearing on this issue, the WCLJ found, among other things, that claimant had made reasonable efforts to attach himself to the labor market during the time periods in question given that claimant was restricted to light-duty work and lifting 20 pounds occasionally. Upon administrative appeal, the Workers' Compensation Board rescinded that portion of the WCLJ's decision finding claimant attached to the labor market from March 15, 2023 to April 25, 2023 but found that claimant had demonstrated attachment to the labor market as of June 13, 2023 based upon his documentary submissions and testimony. The carrier appeals the Board's finding that claimant had attached to the labor market as of June 13, 2023.
We affirm. Whether a claimant has met his or her burden to demonstrate an attachment to the labor market is a factual issue for the Board to resolve, and its decision in this regard will be upheld if supported by substantial evidence in the record as a whole (see Matter of Winkelman v Sumitomo Rubber USA, 228 AD3d 1153, 1156-1157 [3d Dept 2024]; Matter of Canela v Sky Chefs, Inc., 193 AD3d 1216, 1216-1217 [3d Dept 2021]). "It is incumbent upon a claimant to demonstrate attachment to the labor market with evidence of a search for employment within medical restrictions" (Matter of Joseph v Historic Hudson Val. Inc., 202 AD3d 1243, 1244 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Ostrzycki v Air Tech Lab, Inc., 174 AD3d 1255, 1255 [3d Dept 2019]; see Matter of Palmer v Champlain Val. Specialty, 149 AD3d 1342, 1342 [3d Dept 2017]; Matter of Watts v Arnot Ogden Med. Ctr., 132 AD3d 1024, 1025 [3d Dept 2015]). "By finding alternative work consistent with his or her physical limitations, or at least showing reasonable efforts at finding such work, the claimant can prove to the Board that the cause of his or her reduced income is a disability, rather than [*2]unwillingness to work again" (Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191 [2012]). "The Board has found that a claimant remains attached to the labor market when he or she is actively participating in a job location service, a job retraining program or a Board-approved rehabilitation program, or where there is credible documentary evidence that he or she is actively seeking work within his or her medical restrictions through a timely, diligent and persistent independent job search" (Matter of Ostrzycki v Air Tech Lab, Inc., 174 AD3d at 1256 [internal quotation marks and citations omitted]; accord Matter of Winkelman v Sumitomo Rubber USA, 228 AD3d at 1156; Matter of Joseph v Historic Hudson Val. Inc., 202 AD3d at 1244; see generally Employer: American Axle, 2010 WL 438153, *4-5, 2010 NY Wrk Comp LEXIS 2560, *12 [WCB No. 8030 3659, Feb. 4, 2010]). "In rendering such a determination, the Board is vested with the discretion to evaluate witness credibility and to weigh conflicting evidence" (Matter of Villalobos v RNC Indus. LLC, 151 AD3d 1156, 1157 [3d Dept 2017] [internal quotation marks and citations omitted]).
Claimant, who has a work history in construction and demolition, testified that his highest level of education is the first grade, that he does not possess a driver's license and that he understands and speaks very little English. Claimant explained that his daughter helps him with his online job applications given his language deficiency. The record reflects that, subsequent to June 13, 2023, claimant submitted extensive documentary evidence of his job search. In August 2023, September 2023 and November 2023, claimant submitted documentation showing that he had applied for approximately 185 jobs during that time period, most of which, as the Board found, were light-duty jobs within his restrictions that he might be qualified for. Claimant also submitted proof of his registration for a semester-long ESOL (English for Speakers of Other Languages) class that met twice per week, along with evidence of his registration at an Adult Learning Center to learn English. Documentation submitted by claimant further established his attendance and use of the Workforce 1 Career Center; however, as claimant testified, Workforce 1 informed him that there were no available jobs for him to apply to due to his restrictions. Given the foregoing evidence, including claimant's independent job search efforts within his restrictions, his attendance of ESOL classes and his use of Workforce 1, we find that there is substantial evidence to support the Board's determination that claimant engaged in a diligent and persistent independent job search within his restrictions so as to maintain an attachment to the labor market as of June 13, 2023 (see Matter of Lapan v Trade Winds Envtl., 232 AD3d 1169, 1170-1171 [3d Dept 2024]; Matter of Canela v Sky Chefs, Inc., 193 AD3d at 1216-1217; Matter of Policarpio v Rally Restoration Corp., 189 AD3d 1796, 1799-1800[*3][3d Dept 2020]). Accordingly, we discern no basis upon which to disturb the determination made by the Board. To the extent that we have not specifically addressed any of the carrier's remaining contentions that are properly before us, they have been considered and found to be without merit.
Clark, J.P., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.